May Term, 1850.

DOOLITTLE
v.
JONES.

---

## DOOLITTLE *v.* JONES.

Appeal from the order of a Court dissolving an injunction previously granted to restrain the collection of certain judgments at law. *Held,* that as the material averments in the bill on which the injunction was predicated are positively denied by the answer, and unsupported by proof, the motion to dissolve was rightly sustained.

APPEAL from the *Decatur* Circuit Court.

*Monday, May 27.*

SMITH, J.—This is an appeal from an order of the *Decatur* Circuit Court, dissolving an injunction which had been previously granted, to restrain the collection of certain judgments at law.

The complainant's bill states that, in the year 1839 or 1840, *Doolittle* purchased of *Jones* a tract of land at the price of 700 dollars, of which sum he paid 150 dollars in hand, and for the balance he executed three notes, one for 200 dollars, one for 100 dollars, and one for 50 dollars; that *Jones* executed to him a title-bond for the conveyance of the land upon payment of the purchase-money, and the complainant took and retained possession thereof for about two years, making improvements worth 75 dollars.

It is then stated that the complainant failed to pay the notes above mentioned, and, in 1842, *Jones* obtained judgment on the first note for 205 dollars, and on the second, for 102 dollars and 50 cents; that the complainant was unable to pay said judgments, and the parties agreed to rescind the contract of purchase; by which agreement *Doolittle* was to give up the title-bond to be cancelled, and give *Jones* possession of the land, which

was done, and *Jones* was to enter satisfaction of said judgments, return the note for 50 dollars, and at some future time to settle with the complainant for the sum he had paid in advance, and for the value of the improvements made by him.

It is then charged that *Jones* returned the note for 50 dollars, and pretended to execute a release of the judgment for 205 dollars, but would not re-pay the money *Doolittle* had advanced or settle with him for the improvements; and instead of releasing the judgment for 102 dollars and 50 cents, he had caused an execution to be issued to enforce its collection.

The defendant, *Jones*, filed his answer, and moved to dissolve the injunction. During the pendency of the motion some depositions were taken, which, being published, the motion was submitted and sustained by the Court.

The answer admits that the defendant sold the land to the complainant for 700 dollars, of which 150 dollars was to be paid in hand, (but of which about 100 dollars only was paid,) and 550 dollars on time, for which the complainant executed *two* notes for 200 dollars each, one note for 100 dollars, and one for 50 dollars. It is denied that the terms of the agreement to rescind were as stated by the complainant; and the defendant says he was, (in consideration of the recision of the contract,) to surrender one note for 200 dollars and the note for 50 dollars, enter a release of the judgment for 205 dollars, and for 2 dollars and 50 cents of the judgment for 102 dollars and 50 cents, all which was done by him. He positively denies that he was to release the balance of the judgment last mentioned, or to pay the complainant any thing for the purchase-money he had paid or the improvements he had put upon the land.

Nothing is proved by the depositions relative to the terms of the contracts betwen the parties; and as the material averments in the bill upon which the injunction was predicated are positively denied by the answer, and are entirely unsupported by proof, the motion to dissolve the injunction was rightly sustained.

May Term,
1850.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*J. Robinson*, for the plaintiff.

*A. Davison*, for the defendant.