## STUDABAKER and Others *v.* WHITE.

LIQUIDATED DAMAGES.—Where a party covenants for the abstaining from doing, or for the performance of, some particular act or acts which are not measurable by any exact pecuniary standard, and it is agreed that the party so covenanting shall pay a stipulated sum for a violation of any of such covenants, that sum is to be deemed liquidated damages, and not a penalty.

SAME.—*Bond.*—*Restraint of Trade.*—*Liquor Trafic.*—Bond for $1,000, conditioned that the obligor should sell no more spirituous or malt liquors or wine, within a county named, after a specified date, or cause the same to be sold within said county, either directly or indirectly, after the time specified, or manufacture or obtain any spirituous or malt liquors or wine, or cause to be sold, in said county, by himself or any other person, either di-

rectly or indirectly, after said date; that he should settle a certain obliga-
tion calling for liquors, payable to a third person named, of a certain sum
mentioned, so that the liquors should not be brought to a town named, in
said county; and should use his influence to prevent any person or persons
from bringing any of the aforesaid liquors to said town with the intention
of selling the same within the town.

*Held,* that such a bond is valid in this State.

*Held,* also, that said sum of $1,000 was liquidated damages, and not a
penalty.

*Held,* also, that the failure of the obligor to deliver any liquor in fulfilment
of his contract with such third person, would not have been a breach of the
condition of the bond.

APPEAL from the Wells Circuit Court.

RAY, J.—Action by the appellants for breach of a bond
executed by the appellee.

The condition of the bond is, "that J. G. White is to sell
no more spirituous or malt liquors or wine, within the coun-
ty of Wells, State of Indiana, after the 4th day of March,
1859, nor cause the same to be sold within the said county,
either directly or indirectly, after the said time specified.
And the said White is further bound to neither manufact-
ure or obtain any spirituous or malt liquors or wine, or
cause to be sold in said county aforesaid by himself or any
other person, either directly or indirectly, after the 4th day
of March, 1859. The said J. G. White is further bound to
settle a certain obligation calling for liquors payable to Jos-
eph Richey of the sum of $177.57, so that the whiskey or
liquor is not to be brought to the town of Bluffton, of the
county of Wells, State of Indiana; and further, to use his
influence to prevent any person or persons from bringing
any of the aforesaid liquors to the aforesaid town with the
intention of selling the same within the town aforesaid."

The sum named in the bond is one thousand dollars. The
breach charged is selling spirituous liquors within the town.
No special damages are alleged.

The appellee filed a second paragraph of answer, averring
that only nominal damages had been sustained. A demur-
rer was overruled to this paragraph.

On the trial the court instructed the jury, that if White

"failed to settle the obligation referred to," it would be a breach of the bond; and that as no special damages had been proved, the recovery could not exceed a nominal sum.

We assume the statement, that a failure to settle the obligation would be a breach of a condition of the bond, to have been an inadvertent use of words, as the stipulation is very plain that the obligation is to be so settled that the liquor will not be brought to the town of Bluffton. We suppose his failure to deliver any liquor in fulfilment of his contract would comply with his bond to the appellants. The validity of a bond like this has been heretofore decided. *Harrison* v. *Lockhart*, 25 Ind. 112.

Were the damages in this contract liquidated or in the nature of a penalty?

It is insisted that the violation of the condition that White will "use his influence to prevent any person from bringing any of the aforesaid liquors to the town aforesaid, with the intention of selling the same within the town," would result in much less injury than a breach of other conditions, and therefore a single sum could not have been intended as the stipulated amount in either case.

In *Galsworthy* v. *Strutt*, 1 Exch. 658, covenant on an indenture for the dissolution of copartnership between the plaintiff and defendant as attorneys and solicitors, Strutt promised and agreed that he shall not, nor will at any time or times hereafter, within the next seven years, directly or indirectly, either by himself or in copartnership with another or others, carry on the said practice, profession, or business of an attorney or solicitor within the distance of fifty miles from, &c., nor interfere with, solicit, or influence the clients of the said late copartnership. The sum of £1,000 was fixed as "liquidated damages" for a breach of the covenant. Breach assigned, practicing as an attorney within fifty miles, &c.

PARKE, B., said, "I take it to be clear that upon the true construction of this covenant, the defendant would not be bound to pay more than £1,000; that is, in case he should

violate either of those two or three matters mentioned in the covenant. These matters are each of them incapable of exact estimation. It cannot be said what damage a person may sustain by another setting up in business within a limited period of time or distance, nor how much he may be injured by the loss of one of his clients. The loss may be either great or small; and therefore, in order to avoid all dispute, the parties are content to fix a certain sum, namely, the sum they have mentioned in express terms in their agreement. Now it is perfectly competent to parties to make a stipulation to pay a fixed sum for the breach of a covenant, the damage arising from which it is extremely difficult to ascertain; and I think it is not an unreasonable stipulation which the defendant has made, that he should pay £1,000 upon the event of either of the matters mentioned in this agreement."

ALDERSON, B., inquired, "where the damage cannot be ascertained, what absurdity is there in a party saying there shall be a fixed sum? and therefore in such case the courts may give the words their plain and ordinary meaning. The amount of damage which a person might sustain by another's practicing within fifty miles for the period of seven years, would not be the same in amount as if he were to practice within forty miles, or next door, nor the same if he had set up in business the first, second, or sixth year. In one case the damages might be small, and in the other large; but the parties have agreed to a certain fixed sum."

Had the appellants' counsel favored us with a reference to this case, its aptness would have induced a suspicion that the agreement therein used had served as a text for the conditions of the bond in judgment.

The rule in the construction of these contracts is, that if the agreement consist of one or more stipulations, the breach of which cannot be measured, then the contract must be taken to have meant that the sum agreed on was to be liquidated damages, and not a penalty. Mayne Dam. 67; PARKE, B., in *Atkyns* v. *Kinnier*, 4 Exch. 776; *Cotheal* v.

*Talmage,* 5 Seld. 551; *Grasselli* v. *Lowden,* 11 Ohio St. 349; Sedgw. Dam. (4th ed.) 472; *Hamilton* v. *Overton,* 6 Blackf. 206; *Duffy* v. *Shockey,* 11 Ind. 70.

Where the covenant is for the abstaining from doing some particular act or acts, or for their performance, which are not measurable by any exact pecuniary standard, and it is agreed that the party covenanting shall pay a stipulated sum for a violation of any of such covenants, that sum is to be deemed liquidated damages, and not a penalty. *Bagley* v. *Peddie,* 5 Sandf. 192.

The sum named in this case is to be regarded as liquidated damages, and any violation within the plain intent and purpose of the contract authorized such recovery. The instruction was erroneous.

The demurrer should have been sustained to the second paragraph of the answer. The non-performance of the covenant imports damage. *Atkyns* v. *Kinnier, supra.*

Judgment reversed, with costs, and the cause remanded for a new trial.

*L. M. Ninde, R. S. Taylor,* and — *Robertson,* for appellants.

*D. Studabaker,* for appellee.