Spicer *et al. v.* Hoop.

## SPICER ET AL. *v.* HOOP.

| | |
|---|---|
| 51 | 365 |
| 131 | 283 |
| 51 | 365 |
| 142 | 568 |
| 51 | 365 |
| 146 | 679 |
| 147 | 379 |
| 51 | 365 |
| 154 | 148 |
| 51 | 365 |
| 163 | 651 |
| 163 | 690 |
| 51 | 365 |
| 166 | 84 |

INJUNCTION.—Where promissory notes, not payable in bank, were given for the purchase-money of the business and good-will of a printing establishment, and the property purchased was mortgaged to secure the payment of the notes, and an agreement was made by the seller that he would not engage in the same business for a certain length of time, or if he did so, that he would pay the purchaser a certain sum, greater than the amount of the notes, as liquidated damages, and allow the same to be set off against the notes; if the agreement was violated on the part of the seller, he, or his assignee of the notes, might be enjoined from prosecuting an action to obtain possession of the mortgaged property on the failure of the purchaser to pay the notes.

PLEADING.—*Liquidated Damages.*—Where damages for the breach of an agreement are liquidated, it is not necessary for the plaintiff to show in what manner, or to what extent, he has been damaged.

PRACTICE.—*Motion to Dissolve Injunction.*—On a motion to dissolve an injunction, each party may read affidavits, and it does not follow that where the defendant has answered under oath, denying the equity, he is entitled to have the injunction dissolved.

SAME.—*Temporary Injunction.*—On an application for a temporary injunction, it is not necessary that a case should be made out that would entitle the plaintiff to relief at all events at the hearing. It is enough if the court finds, upon the pleadings and the evidence, a case which makes the transaction a proper subject for investigation in a court of equity, or if, from the merits, to be gathered from the pleadings and conflicting affidavits, there appears, on the whole, a case proper for the investigation of the court, and a fair question to be reserved till the final hearing.

From the Shelby Circuit Court.

*H. C. Ray, W. S. Ray, L. J. Hackney, K. M. Hord* and *A. Blair,* for appellants.

*J. B. McFadden, T. W. Woollen* and *O. J. Glessner,* for appellee.

WORDEN, J.—Complaint by the appellee against the appellants for an injunction and other relief. The following is the substance of the case made by the complaint:

On August 25th, 1871, the plaintiff, Hoop, and the defendant Spicer were the joint owners of a printing establishment in Shelbyville, and carried on the printing and publishing business, publishing a newspaper called the "Shelby National

Volunteer," and doing job printing. The business had been principally built up by Spicer, and the principal value of the establishment consisted in the good-will of the establishment and business. On the day above mentioned, Hoop and Spicer entered into a written agreement, a copy of which was filed, by which Spicer sold out to Hoop all his interest in the establishment, and, to secure in part the purchase-money, Hoop executed to Spicer his three several promissory notes of that date, each for the sum of five hundred dollars, payable, the one July 1st, 1873, one January 1st, 1874, and the other July 1st, 1874. The written agreement between the parties contains the following stipulation, viz.:

"Spicer agrees not to start or establish a new printing or job office in the county of Shelby, and State of Indiana, for the space of three years from this date, and in case he should do so, to pay to the said Hoop the sum of two thousand five hundred dollars, as liquidated damages, and to pay the same to said Hoop sixty days after establishing or starting said office, without relief from valuation or appraisement laws."

It was further stipulated in the agreement that no set-off should be presented against the notes executed by Hoop to Spicer, or claims, "except such as may arise by reason of a breach of the promise and agreements herein contained of the said Spicer."

On the same day, Hoop executed to Spicer a mortgage on the printing press, types, fixtures, etc., to secure the payment of the notes when they should severally become due. The mortgage contains the following stipulation, viz.:

"The said Hoop is to retain possession of said property until said (notes) hereby secured become due; and if said notes are not paid promptly at maturity, said Reuben Spicer shall then have the right to take and keep possession of said property wherever it may be found."

The following allegations are contained in the complaint, viz.:

"That said Spicer has failed to comply with said contract on his part, in this, the said Spicer, in disregard of his agree-

ment as aforesaid, immediately after entering into said agreement, began the soliciting of orders for a rival printing office in said city of Shelbyville, and engaged himself to said office for the purpose of executing all such orders, and by his influence and labor sought to destroy the good-will of said business in said county; and, on the —— day of March, 1872, did establish and start in the city of Shelbyville, in said county, a printing office, under the name of the 'Excelsior Job Printing Office,' and continued the same from that time to the commencement of this suit; that said Spicer, fraudulently intending and contriving to evade the stipulations of his said agreement, entered into a written contract on the 17th day of March, 1872, with one William H. Coulscott, by which it was pretended that said Coulscott should own and hold said office in his own name, and the said Spicer should solicit and control the business under the pretence of being the superintendent. * * * That said Spicer did control said office, and solicit and obtain business for the same, and has continuously, since the establishment of said office, endeavored to destroy the value of the good-will of said business sold by said Spicer to the plaintiff, in violation of the agreement between them."

It is further alleged in the complaint that the reason why the plaintiff failed to pay the note which became due July 1st, 1873, the one which first matured, was, that the defendant Spicer had violated his agreement, by which the stipulated damages became due the plaintiff, and was a legal counter-claim; that Spicer has transferred the notes to Samuel Hamilton, they not being payable in bank, and that Hamilton has commenced an action of replevin against the plaintiff for the property mortgaged, having no other right thereto than that derived from the mortgage; that a writ of replevin has been issued and placed in the hands of the sheriff, Tilghman H. Lee, who, as well as Hamilton, was made a party, and that the writ is about to be served; that Spicer is wholly insolvent. Prayer for judgment for the liquidated damages, etc., that the notes be surrendered, and that Ham-

ilton be restrained from prosecuting the action of replevin until the damages can be ascertained and determined in this action, etc.

A temporary order was made restraining the service of the writ of replevin, and afterwards, in term, on the appearance of the parties, the order was continued until the final hearing of the cause. The defendants, on answer and affidavits filed, moved to dissolve the injunction. Affidavits were filed in support of the complaint, and the motion was overruled. From the order overruling the motion to dissolve, the defendants below appeal.

From an examination of this record, we are of opinion that the court below committed no error, either in granting the temporary injunction to continue until the final hearing, or in overruling the motion to dissolve it. The case made by the complaint entitled the plaintiff to an injunction. The damages for the breach of Spicer's agreement not to start or establish a new printing or job office are clearly liquidated, and upon a breach thereof by Spicer, Hoop became entitled to the sum agreed upon. *Studabaker* v. *White*, 31 Ind. 211, and authority there cited. Hence, it was unnecessary for the plaintiff to show in his complaint in what manner and to what extent he was damaged by the breach of Spicer's agreement. The allegations of the complaint sufficiently show that Spicer broke the agreement, whereby Hoop became entitled to the sum agreed upon as damages. Hoop had a right to set off these damages against the notes. It could be by way of set-off or counter-claim. This, indeed, seems to have been contemplated by the agreement of the parties, for in that it is stipulated, as has been seen, that no set-off to the notes should be presented except such as might arise from a breach by Spicer of his contract. Deducting the damages from the notes, nothing was left due upon them. Under these circumstances, it would be grossly inequitable to permit the property to be replevied from Hoop on account of his failure or refusal to pay the notes. Hamilton stands in no better situation than Spicer, for he took the notes sub-

ject to all the equities existing between the original parties.

"The injunction of *suits before judgment* is as common and familiar a head of equity jurisdiction as that of judgments." Hilliard on Injunctions, 265. See, also, Kerr's Injunctions, 13 *et seq.*

We are referred by the counsel for the appellants to the case of *Glenn* v. *Fowler,* 8 Gill & J. 340, as establishing the proposition that an injunction will not be granted to restrain the bringing of an action of replevin. In that case the court said:

"The proceedings in the action of replevin, so far as relates to the possession of the property involved in the suit, are regulated with exact minuteness by the acts of the assembly. * * * The court at the return of the writ is commanded to entertain the question of possession as a preliminary question, independent entirely of the title, and to return the property to the defendant in replevin, unless it shall appear that his possession was forcibly or fraudulently obtained, or that the possession first being in the plaintiff was got or retained by the defendant, without proper authority or right derived from the plaintiff. The whole matter of fraud may, on that preliminary inquiry, be investigated as fully as in a court of chancery, and the relief administered is precisely what is here claimed; that is, by awarding the possession of the property. The sole advantage, then, which the applicant to a court of chancery can expect, is to have that relief afforded him, a few weeks sooner than it would be in the court of law, to which, by the express terms of the statute, the investigation and decision of the matter is confided, and where, too, full indemnity is secured for any intermediate injury by the replevin bond. We do not think that the delay in a case like this is such a defect of ample and complete remedy as the rule contemplates."

Thus it is seen that the ground of the decision was, that the right to the possession of the property might have been heard and determined in the replevin suit upon the return

of the writ, as a preliminary question, and pending the action, and the possession awarded as the case might require, without reference to the question of title. We regard the authority as in favor of, rather than against, the injunction in this case.

Conceding, without deciding, that Hoop might have set up in bar of the action of replevin the matters alleged in his complaint here, still he had not a complete and adequate remedy in that suit. There was no mode of testing the right to the possession of the property, as in the Maryland case, until the action of replevin came on for final trial. Had the writ of replevin been served and the property delivered to Hamilton, he could have retained it until final judgment in the replevin suit. Hoop had no remedy in that suit by which his right to retain the possession of the property, pending the suit, could have been protected. Under the facts alleged in the complaint, it would have been inequitable to deprive him of the possession pending the replevin suit. The action of replevin might have been speedily tried, or it might have been long delayed. The circumstances of the case, the character of the business in which the property was used by Hoop, and the apparent difficulty in estimating the damages he might sustain by being deprived of the possession of it during the pendency of the action of replevin, make it a proper case for injunctive relief. "The rule of the court is," says a writer, "to assume jurisdiction in all cases where the interests of justice call for and require its interference." Kerr's Injunctions, 32. See *Morse* v. *Morse,* 44 Vt. 84; *English* v. *Smock,* 34 Ind. 115.

As we understand the brief of counsel for the appellants, they assume the position that, as the mortgage gave Spicer the right to the possession of the property upon the failure of Hoop to pay the notes, Spicer, or rather his assignee, cannot be enjoined on account of the set-off of damages. To this point the following authorities are cited: *Rives* v. *Rives,* 7 Rich. Eq. 353; *Cummins* v. *Bentley,* 5 Pike, 9; *George* v.

*Strange,* 10 Grat. 499; *Cook* v. *Murphy,* 7 Gill & J. 282, and *Winchester* v. *Grosvenor,* 44 Ill. 425.

We have examined these cases, and think they are not in point. They are all cases, except the one in Illinois, in which it was sought to enjoin executions upon judgments, on the ground that the defendants in the judgments had offsets at the time the judgments were rendered. The case in Illinois involved no similar question.

The appellants also claim that, as they answered the complaint denying the equity thereof, the injunction should have been dissolved. To this point several authorities are cited.

As we have seen, affidavits were filed on both sides, directed mainly to the question whether Spicer had violated the agreement. On this point the affidavits were conflicting.

The statute provides, that " on the hearing of an application for an injunction, each party may read affidavits." 2 G. & H. 134, sec. 140. See, also, sec. 155.

We think, also, that on a motion to dissolve each party may read affidavits; and in such case it does not follow, necessarily, that where the defendant has answered under oath, denying the equity, he is entitled to have the injunction dissolved.

In *Doolittle* v. *Jones,* 2 Ind. 21, it was held, that where the material averments in the bill on which the injunction was predicated were positively denied by the answer, and unsupported by proof, the motion to dissolve was rightly sustained.

The following observations of a writer on injunctions are as applicable on motions to dissolve as on motions to grant injunctions:

" It is not, however, necessary that a case should be made out which would entitle the plaintiff to relief, at all events at the hearing. It is enough if the court finds upon the pleadings and the evidence a case which makes the transaction a proper subject for investigation in a court of equity. The question for the court upon the interlocutory application is not the final merits of the case. When the cause comes on

to be heard, the final merits may be very different. But this consideration will not prevent the court from breaking in upon the proceedings at law, where from the merits to be gathered from the pleadings and conflicting affidavits there appears on the whole a case proper for the investigation of the court, and a fair question to be reserved till the hearing." Kerr's Injunctions, 14.

As before observed, there was a conflict in the affidavits filed, and we are not inclined to disturb the action of the court below. The case was such as, in our opinion, fairly justified the court in continuing the injunction.

The judgment below is affirmed, with costs.