Howard, J.
On and before April 2, 1892, the appellee, Milton R. Hart, was the owner of about 1,215 acres of land in Lake county, subject to certain incumbrances thereon, amounting to about $25,000. On that day, through one Edward A. Linn, a Chicago real estate dealer, he negotiated the sale of the land at $200 per acre, taking for about one-half the purchase price certain Minneapolis incumbered real estate. The nominal purchaser was one George Krech, an insolvent person who assumed the payment of the $25,000.00 incumbrance, paid $5,000.00 cash, and for the balance *603 gave his notes secured by a trust deed on the land sold; the first note being for $9,700.00, payable November 15, 1892; the second for $40,000.00. payable November 15, 1893, and the third for $63,060.00, payable November 15, 1895. The first note, being that fo.r $9,700.00, has been paid; but the prior incumbrances, amounting to $25,000.00, besides interest and taxes, have not been paid; nor have the remaining notes, those for $40,000.00 and $63,060.00 respectively, ever been paid.
The questions for decision have reference to the collection of a note for $10,494.00, dated December 6, 1892,' and payable November 18, 1893. This note was given by the appellee, Milton R. Hart, to the said Edward A. Linn, and with it was given, as collateral security, the $40,000.00 note above mentioned, due November 15, 1893, three days before the date when the note in suit was made payable.
The complaint treats of the $10,494.00 note as an or: dinary promissory note, secured by the $40,000.00 note as collateral, and asks for the collection of both notes and the foreclosure of the trust deed securing the latter, nothing being said as to the consideration given for the principal note.
The appellee answered, first by general denial, and second by special answer and cross-complaint. In the special answer it was averred that the appellants and the said Edward A. Linn were real estate agents, and that on April 2, 1892, the appellee entered into negotiations with them for the sale of his said lands in Lake county, agreeing that the property should be sold for $200 per acre, one-third cash, balance in installments secured by mortgage or trust deed,'and that the said agents should receive ten per cent, of the purchase price for making such sale. That the sale actually made was for $5,000.00 cash, balance in almost *604 worthless Minnesota lands-, and the three installment notes already mentioned; that to induce appellee to ratify said sale it was agreed that no commission should be paid until all the purchase money notes should be paid; that afterwards, on December 6,1892, the $40,000.00 and $63,000.00 notes being unpaid, the said real estate agents applied to appellee to execute to them his promissory note to evidence the amount yet due on their commission, and thereupon agreed that the note so to be executed should in no event be payable until all the said purchase money notes should be paid, and that this agreement should be embodied in such commission note; that the $10,494.00 commission note in suit was then drawn up and signed by appellee, but by the inadvertence and mutual mistake and oversight of the parties the note was written as it now appears, and appellee did not learn until thereafter that the terms and conditions as agreed upon were not embraced in the note, and that he would not have executed the note had he known that a part of the agreement as made between him and Linn had been omitted from the note. A like statement was made in the cross-complaint, and, as the purchase money notes were both now due and had not been paid, the prayer was that the $10,494.00 note be declared void and canceled and the $40,000.00 note be ordered delivered to the appellee.
The appellants replied to the answer and answered the cross-complaint by general denial, and also by saying that at the time the commission note was due and payment demanded, appellee had not made the defense or claim here insisted upon, but had said that he would proceed to foreclose and collect the $40,000.00 note then due, and pay the commission note out of the proceeds.
Appellee afterwards, on leave granted, filed an ad *605 ditional pleading, which he calls an answer and cross-complaint, and which the court seems to have treated as a cross-complaint, but which appellants insist was but an answer. In this pleading the facts were again set up, substantially as before; but it was averred that the commission was to be five per cent, on the entire purchase price of the land. It was further averred in this pleading that in order to induce appellee to ratify the unauthorized sale by which only $5,000.00 cash was paid, and according to which appellee was to receive in part payment the Minnesota mortgaged lands, it was agreed that the commission should not be paid unless the grantee, Krech, or his assigns, should first pay the $40,000.00 note; and, also, that in case such purchase money note should not be paid, no commission should ever be paid. It was also averred that when the commission note in suit for $10,494.00 was executed, it was agreed that it should contain the stipulation that the note should not be paid until the $40,000.00 purchase money note given as collateral security should first be paid, and that appellee has never had possession of said commission note. There is a prayer that if the note as drawn does not express the agreement of the parties in this respect, it should be so reformed as to make it of the same tenor and effect as was agreed to by them.
In their response to this pleading the appellants treat the same as a cross-complaint and also as an answer; and their answer to the cross-complaint and reply to the answer are substantially the same as the answer and reply to appellee’s first cross-complaint and answer, that is, by general denial, and also by averring specially that when the commission note was due and payment demanded appellee did not make the defense or claim here insisted upon, but said that he would himself proceed to collect the $40,000.00 pur *606 chase money note then due and pay the commission out of the proceeds.
The note in suit reads as follows:
“$10,494. Chicago, 111., Dec. 6th, 1892.
On or before November 18th, 1893, after date, for value received, I promise to pay to the order of E. A. Linn, ten thousand, four hundred and ninety-four dollars, at his office in Chicago, 111., with interest at the rate of six per cent, per annum, after date, having deposited with the legal holder hereof, as collateral security, note and trust deed dated April 2, 1892, by George Krech, said note being for forty thousand dollars, due November 15, 1893, hereby authorizing said Linn to collect said note at maturity and to apply all interest collected on payment of the principal hereof and to pay me the balance collected on said note, after this note is paid. It being understood that the payment of this note is conditioned upon collection of said Krech note, interest having been paid on said Krech note, October 2, 1892. Milton R. Halt.”
The court found for the appellants on their complaint and for the appellee on his cross-complaint, finding that the note should be reformed so that the condition therein should read as follows: “It being understood that the payment of this note is conditional upon the payment in full of said Krech note.” Judgment was entered accordingly.
The appellants moved the court to modify the finding, and both parties moved for modifications of the judgment, the appellants seeking to have the note collected, without condition, out of the proceeds of<the collateral, and by foreclosure of the trust deed and sale of the land, and the appellee seeking to have the note canceled and declared void. The appellants also moved for a new trial. The motions were all over *607 ruled and the overruling of each of appellants’ motions is assigned as error.
It is contended by counsel for appellee that the bill of exceptions containing the evidence is not in the record, for the reason that “there is nothing to properly show either that any bill of exceptions was ever filed in the clerk’s office, or that the reporter’s notes were there filed.” We find an entry showing that the appellee’s special, bill of exceptions was filed; also a certificate by the clerk that the longhand manuscript of the evidence was filed and incorporated in a bill of exceptions. We have not, however, been able to find any court entry or clerk’s certificate showing, that the general bill of exceptions containing the evidence was itself ever filed in the clerk’s office. Indiana, etc., R. R. Co. v. Lynch, 145 Ind. 1. It is true that at the time the bill was signed, the judge ordered it filed and made a part of the record, but it should be shown that the bill was filed as ordered.
However, we have examined the manuscript as referred to by counsel, and are satisfied that competent and sufficient evidence was given to sustain the allegations and averments of the pleadings, • as we have set out the same, and upon which the finding and judgment of the court were based.
Much of the briefs of counsel is taken up with a discussion as to whether the last pleading of appellee was a cross-complaint, and whether it authorized a reformation of the note sued on. The pleading was treated as a cross-complaint, on the trial. It was so referred to by the court in its finding and judgment, and also by appellants in their “answer to the cross-complaint and reply to the answer,” as well as in their motions to modify the finding and judgment. An examination of the pleading itself shows that it stated a cause of action for reformation, that is, it alleged the *608 contract agreed upon between the parties; that they intended that such agreement should be set forth in the writing which they signed, and believed that it had been so set forth, and that the failure to have the agreement correctly embodied in the writing was due to a mutual mistake of the parties; and, finally, there was a demand to have the writing reformed so as to agree with the contract as made. If the allegations of a pleading are sufficient, the name by which it may be called will not be controlling.
But we are of opinion that the action of the court was, in effect, but an interpretation rather than a reformation of the contract. The language of the note, taken in connection with the history of all the transactions and the surroundings of the parties, could mean nothing else than what the court held it to mean, namely, that the commission should be paid only when the $40,000.00 note was paid, and out of the proceeds of that note. The condition as written in the note was: “It being understood that the payment of this note is conditioned upon collection of said Krech note.” This the court construed to mean: “It being understood that the payment of this note is conditional upon the payment in full of said Krech note.” We think it quite unreasonable, considering all the circumstances, that the parties could have intended that a trust deed for lands which had sold for $243,000.00, should be foreclosed and the land sacrificed to pay a note given for the unpaid part of the commission on the original sale, particularly when the payment of the commission note, as stated in the note itself, was “conditioned upon the collection” of one of the purchase money notes filed with the commission note as collateral. The action of the court was in fact favorable to appellants, inasmuch as it provided in its decree for the foreclosure of the trust deed which se *609 cured the collateral note, and that out of the proceeds of this collateral, if fully paid, the commission should be paid; providing also that in case the whole amount due on the collateral should not be realized, but that if more than the amount due thereon, minus that due on the commission, should be collected, then che excess, up to the sum due on the commission, should be paid to the appellants.
It was for the court, in view of all the surroundings, to construe the written contract; and the construction given, independent of any question of reformation, seems to have been most liberal to the claims of the appellants. See Cravens v. Eagle Cotton Mills Co., 120 Ind. 6-10; Olds Wagon Works v. Coombs, 124 Ind. 62-65; Kendall v. Russell, 5 Dana 501, 30 Am: Dec. 696; 2 Parsons Contracts (8th ed.) 499.
There is no available error in the record.
Judgment affirmed.