BIRD ET AL. v. ST. JOHN'S EPISCOPAL CHURCH OF
ELKHART ET AL.

[No. 18,608.   Filed February 1, 1900.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Certificate.*—*Evidence.*— A general bill of exceptions certified by the trial judge as containing "all of the evidence offered, introduced and given in said cause to the point where the defendant rested its main case," does not show that all of the evidence was embraced in the bill of exceptions, and no question dependent upon the evidence will be considered on appeal. *pp. 140, 141.*

CONTRACTS.—*Signatures.*—*Special Findings.*—*Conclusions of Law.*— *Mechanics' Liens.*—An exception to a conclusion of law that plaintiffs and others were entitled to the enforcement of mechanics' liens on a church building, on the ground that the contract to construct the building was that of the individuals who signed it, is unavailing, where the court expressly found that the contract was that of the church. *p. 146.*

SAME.—*Liquidated Damages.*—A finding and judgment of the court in an action to enforce a mechanic's lien against a church property, giving defendant a credit of $50 per day for sixty days delay in constructing the building, provided in the contract as and for liquidated damages, will not be disturbed on appeal, where the court found that the actual damages occasioned by the delay were too uncertain to be fixed by the court, and that the amount fixed by the contract as liquidated damages was not greatly disproportioned to the loss sustained as a result of the delay. *pp. 146, 147.*

MECHANICS' LIENS.—*Foreclosure.*—*Counterclaims.*—*Attorney's Fees.* —Where in an action by contractors to enforce mechanics' liens the court found that after the payment of liens of subcontractors and material men, and the allowance of claims of defendant on account of non-performance of the contract on the part of plaintiffs there was nothing due the plaintiffs, the payment of their claims extinguished their lien, and there was no basis for the allowance of attorney's fees. *pp. 150, 151.*

Bird *v.* St. John's Episcopal Church.

PARTIES.—*Defect.*—An objection to a complaint that defendant was sued by the wrong name cannot be made by demurrer for want of facts. *p. 151.*

PLEADING.—*Exhibits.*—The plans and specifications referred to in a building contract were not parts of the contract in such sense as to require that they should be filed as exhibits with a complaint on the contract. *p. 152.*

SAME.—*Contracts.*—*Non-performance.*—Averments in a complaint to recover the amount due on a building contract that plaintiffs fully performed the conditions of the contract on their part, excepting the condition thereof requiring them to obtain the certificate of the supervising architect that the work was completed under the terms of the contract, and that after the work was finished they demanded the certificate, and notified defendants of their demand, requesting them to cause the certificate to be delivered, but that the same was refused, show a sufficient excuse for the failure of plaintiffs to procure the certificate. *pp. 152, 153.*

From the Elkhart Circuit Court.   *Reversed.*

*Dodge & Browne,* for appellants.

*P. L. Turner, James S. Dodge* and *Harmon & Barney,* for appellees.

DOWLING, J.—This was an action by appellants against the rector, wardens, and vestrymen of St. John's Episcopal Church, of Elkhart, Indiana, by the name of St. John's Episcopal Church, of Elkhart, Indiana, upon a building contract, and to enforce a mechanic's lien. Divers subcontractors and material men, who claimed liens, were joined as defendants. The complaint was in a single paragraph. The principal defendant, St. John's Episcopal Church, filed an answer in four paragraphs, the *first* being a general denial, the *second* a plea of payment, the *third* a counterclaim for liquidated damages, under the contract, for failure to complete the building within the time limited, and the *fourth* a further counterclaim for special damages by reason of certain breaches of the contract by plaintiffs other than by delay. Replies in denial to second, third, and fourth paragraphs. The remaining defendants, separately, filed answers

in denial,. and alleging payment. They also filed cross-complaints, setting up their several claims as subcontractors and material men, demanding that the sums owing to them be first paid out of any moneys due to the principal contractors, and that their liens be enforced against the building and premises. Answer in denial.

At the request of the parties, the court made a special finding of facts with its conclusions of law thereon, to each of which conclusions appellants excepted. Motions for a new trial, and for judgment on the special finding, were made by appellants, and overruled. Judgment that appellants take nothing by their suit, that the several subcontractors and material men recover from appellants the amounts of their respective claims, with their attorneys' fees, and that their liens be enforced against the church property. It was further adjudged that the defendant, the rector, wardens, and vestrymen of St. John's Episcopal Church, etc., recover from the appellants $1,972.32, subject to credits for any amount which the plaintiffs might pay thereafter to the said subcontractors. and material men on account of their judgments.

Error is assigned upon the several conclusions of law, and upon the refusal of the court to grant a new trial.

Appellees make the point that the evidence is not properly in the record. This objection rests upon the form of the certificate of the trial judge to the general bill of exceptions, and, in our opinion, the objection is well taken. The certificate is in these words: "And now, on this 24th day of February, 1898, the said plaintiff presents his bill of exceptions, containing all of the evidence offered, introduced, and given in said cause *to the point where the defendant rested its main case,* and all objections and exceptions reserved during the trial of said cause *to the point where the defendant rested its main case.* Said bill of exceptions contains all of the evidence in said cause *to the point where the defendant rested*

*his main case.* And now, on this 24th day of February, 1898, the Honorable Lew Vail, the special judge who tried said cause, in vacation, signs and seals said bill of exceptions etc." The certificate was signed by the special judge.

It does not appear from this certificate, or elsewhere, that the evidence set out in the bill of exceptions was all the evidence given in the cause. On the contrary, the unavoidable inference from the language of the certificate is that there was other evidence which is not included in the bill. There were several defendants, and it is impossible to determine just what is meant by the certificate. Other evidence may have been introduced by the plaintiffs below, and by other defendants, after the defendant, the church corporation, had rested its *main case,* whatever that may be, which fully sustained all the findings of facts. We are, therefore, constrained to hold that the evidence is not in the record, and, consequently, that no question dependent upon it is before us. *Harris* v. *Cleveland, etc., R. Co.,* 153 Ind. 475. This ruling takes out of the record all of the supposed errors except such as are assigned upon the conclusions of law.

The special finding is, in substance, as follows: The rector, wardens, and vestrymen of St. John's Episcopal Church, of Elkhart, Indiana, as a corporation, were, on June 4, 1895, the owners of the premises described in the complaint; on said day, a contract, in writing, as alleged in the complaint, was entered into between the plaintiffs and the defendant, the rector, wardens, vestrymen, etc., whereby the plaintiffs were to furnish all the materials and labor, and were to erect on the premises described a church edifice, for which the church corporation was to pay the plaintiffs $13,850; the plaintiffs proceeded with the said work, and completed the same, agreeably to the contract, except as otherwise set forth in the special finding. After the contract had been entered into, by the mutual agreement of the parties and for the accommodation of the plaintiffs, the church

corporation accepted a bid from the Lansing Lumber Company to furnish certain lumber and materials for said church edifice, and promised to pay for the same, such payment to be entered as a credit on the contract price for said church building. The cost of the material and work, so received from said company, was $1,881.18, and said amount is a proper credit on said contract price. After having furnished a part of the lumber and mill work mentioned in their bid, the Lumber Company became insolvent, and were unable to furnish the residue, and by such failure the plaintiffs were greatly damaged. The plaintiffs procured the residue of the mill work from another firm, and paid for the same $909.42; but said purchase and outlay were included in their contract, and were a part of the materials the plaintiffs were bound to furnish. Another small bill for lumber, purchased by plaintiffs, was also included in their said contract. Sundry items charged for by plaintiffs as extra work were just claims, because not embraced in the contract. Certain unimportant deviations from the contract plans and specifications were made by plaintiffs, but the same were known to and not objected to by the church corporation, and said corporation sustained no damage thereby. The facing stone above the basement, for which $800 was charged by plaintiffs as for extra work, was not extra, but was within the contract. The tower of the church edifice settled, causing the stone steps built into it to crack, but the plaintiffs were not responsible for such settling. The mortar used in the construction of the building was not such as the contract called for, and the church corporation was damaged thereby $100. By defective pointing of the walls, the defendant church was damaged $150; and by various other defects in the work, the church corporation was damaged to the further amount of $172. All of said sums should be allowed as credits upon, or as deductions from, the contract price of said church edifice. The payments made to and on

account of the plaintiffs by the said rector, wardens and vestrymen, amounted to $10,489.77. The plaintiffs refused to construct the reredos named in the contract, and, by the agreement of the parties, the rector, wardens, vestrymen, etc., procured the same to be constructed by other persons, at an expense of $295, which is to be deducted from the contract price.    By the terms of the contract, the church edifice was to be completed by plaintiffs by March 1, 1896, but the time was extended by the architect until April 5, 1896; the plaintiffs were delayed in their work one month by the failure of the Lansing Lumber Company, and by an accident to Laurer & Weiss, subcontractors.    The plaintiffs claimed that their work, under their contract, was completed by June 5, 1896, but the officers of the church denied this, and, on June 12, 1896, made complaint, in writing, to the plaintiffs, of sundry defects and omissions in said work.    The possession of said church building was, in fact, in the defendant, the church corporation, from June 5, 1896, but was held by plaintiffs at their request; afterwards, the plaintiffs endeavored to correct and make good said defects and omissions, but did not fully do so, to the damage of the church corporation as afterwards in said finding stated.    On June 24, 1896, the officers of the church notified plaintiffs, in writing, that they had failed to complete the church according to their contract, that. said church corporation elected under the contract to complete the same itself, and that the officers demanded the keys of the building.    The building was delivered by the plaintiffs to the officers of the church, in pursuance of this notice, July 3, 1896, when the rector, wardens, etc., undertook to finish the work themselves.    No final certificate was ever issued by the supervising architect stating that the work, under the contract, was finished by plaintiffs; said work was not, in fact, completed by plaintiffs.    Plaintiffs are entitled upon a *quantum meruit* to a certificate from the architect showing that there is due

them, subject to certain additions and deductions, the sum of $3,182.45. Within sixty days after the completion of their work, the plaintiffs filed in the office of the recorder of Elkhart county notice of their intention to hold a lien on said church building and premises, as security for the payment of the sum of $7,322.60. A reasonable fee for plaintiff's attorney, in case the plaintiffs recover, is $500. By the terms of the contract, the church corporation had the right to retain, out of any moneys coming to the plaintiffs, a sum, or sums, sufficient to discharge all liens against said church property, which said plaintiffs ought to pay, and for which said church property might be liable; such liens to the amount of $1,674.36 had been so filed and taken; all of said claims and liens have been fully established, and the church corporation made liable for the same; they were chargeable to the plaintiffs, and should be deducted from any amount found due to the plaintiffs. It was provided in the contract that the plaintiffs should finish their work, and have said church edifice ready for use by its owners, by March 1, 1896, and, in default thereof, the plaintiffs should pay to the owners $50 for every day thereafter that said work remained unfinished, as and for liquidated damages. The owner, the church corporation aforesaid, performed all the conditions on its part to be performed, but the plaintiffs, after having obtained an extension of the time for finishing said work until April 5, 1896, failed to complete the same within said time, and said work remained in their hands uncompleted until June 5, 1896, making a breach of said contract to the extent of delaying said work sixty days; the actual damages for such delay are too uncertain to be fixed by the court; said contract was deliberately made, without fraud, and is the agreement of the parties; the amount fixed by said contract as liquidated damages is not greatly disproportioned to the loss sustained by the owner of said church building, as a

result of the delay on the part of the plaintiffs in finishing the same.

As conclusions of law upon the foregoing finding of facts, the court stated in substance: (1) That the subcontractors and lienholders were entitled to recover judgment. (2) That the plaintiffs were entitled to recover on their contract, and for extra work, $13,907, together with their attorney's fee of $500, if they are entitled to any foreclosure of their lien, making in all $14,407, less the payments and deductions afterwards set forth in the conclusions of law. (3) That plaintiffs are not entitled to recover $100 for ten inches of Berea stone put in by them. (4) That the defendant church is entitled to credits and deductions to the amount of $11,204.45. (5) That the defendant church is entitled to a credit of $50 per day for sixty days' time, to wit, from April 5, 1896, to June 5, 1896, during which period said church building remained uncompleted, and that the provision to this effect in the contract is for liquidated damages. In the 6th, 7th, and 8th conclusions, it is held that the subcontractors and cross-complainants are entitled to recover from the plaintiffs the following sums: Martin & Amidon $406.34, with $35 for their attorney's fee; Laurer & Weiss, $181.95, with $35 for attorney's fees; Furlong & Frush, $981.41, with $35 for attorney's fees. It is further stated that each of these firms is entitled to a foreclosure of its lien on the church property, as described in the complaint. (9) That the amounts due the subcontractors should be deducted from the sum found due to the plaintiffs in conclusion number two. (10) That after deducting from the sum due the plaintiffs, as stated in conclusion number two, the various amounts allowed the defendant, the wardens, vestrymen, etc., as set forth, and after deducting said cross-complainants' claims, the plaintiffs should take nothing upon their complaint, but that the defendants, the wardens, vestrymen, etc., should recover from the plaintiffs $1,972.32,

together with their costs. (11) That, upon payment by plaintiffs of any or all of the judgments against them in favor of the subcontractors, they should be entitled to credit for the amount so paid.

The exception to the *first* conclusion of law is unavailing, for the reason that the court had expressly found that the agreement sued upon was the contract of the rector, wardens and vestrymen of St. John's Episcopal Church, of Elkhart, Indiana, and not the contract of the individuals who signed it on behalf of the church. We must look to the pleadings and findings of fact alone, and these fully support the conclusion as to the parties to the contract, and the capacity in which the persons affixing their signatures signed it.

The *second* conclusion of law is a necessary deduction from the findings of fact, and correctly states the amount the appellants should recover on their contract, and for extra work, less the payments and deductions elsewhere set forth in the other conclusions of law. The *third* conclusion is directly responsive to the facts found that the work done was within the contract, and not extra. The *fourth* conclusion is but a summary of the credits and deductions to which the church corporation is entitled, as shown by the several findings of fact. The findings, with the pleadings on which they are made, taken as the basis of this conclusion, fully sustain it.

The *fifth* conclusion of law is that the defendant, the church corporation, is entitled to a credit of $50 per day for the space of sixty days, from April 5, 1896, to June 5, 1896, as liquidated damages on account of the failure of the appellants to complete the work, under their contract, by April 5, 1896, and their delay until June 5, 1896, in completing it.

It appears from the finding of facts, that it was provided in the contract that appellants should finish their work, and have the church edifice ready for use by its owner, by March 1, 1896, and that in default thereof they would pay to the

owner $50 for every day thereafter that said work remained unfinished, as and for liquidated damages; that the owner, the church corporation, performed all the conditions on its part to be performed, but that the appellants, after having obtained an extension of the time for completing said work until April 5, 1896, failed to finish the same by that date, and that the said work remained in their hands, uncompleted, until June 5, 1896, making a breach of their contract to the extent of sixty days; that the actual damages occasioned by such delay are too uncertain to be fixed by the court; that the said contract was deliberately made, without fraud, and is the agreement of the parties thereto; and that the amount fixed by said contract as liquidated damages is not greatly disproportioned to the loss sustained by the owner of said church building, as a result of the delay on the part of the appellants in finishing the same.

We do not consider it necessary to enter into an extended examination of the authorities upon the vexed question whether the sum named in a contract is to be regarded as a mere penalty, or is to be treated as liquidated damages. We are content to adopt the rule laid down by this court in *Jaqua* v. *Headington*, 114 Ind. 309, which is this: "Where the sum named is declared to be fixed as liquidated damages, is not greatly disproportionate to the loss that may result from a breach, and the damages are not measurable by any exact pecuniary standard, the sum designated will be deemed to be stipulated damages. * *. * If the sum fixed can not be recovered, then there is no exact standard by which the recovery can be measured, and the appellant will be compelled to accept * * * a price fixed by other men upon his own property, and this, too, in a case where the parties have deliberately fixed the value and written it in their contract." The facts found bring this case clearly within the rule stated in *Jaqua* v. *Headington*, *supra*. See, also, *Martin* v. *Murphy* 129 Ind. 464; *O'Neal* v. *Hines*, 145 Ind. 32; *Brown* v. *Maulsby*, 17 Ind. 10; *Gam-*

*bril* v. *Doe*, 8 Blackf. 140, 44 Am. Dec. 760; *Spicer* v. *Hoop*, 51 Ind. 365; *Studabaker* v. *White*, 31 Ind. 211.

The fifth conclusion of law, however, is erroneous upon another ground. All of the facts upon which it rests are found under the third paragraph of the pleadings filed by the appellee, the church corporation, which reads thus: "Third. For a third and further defense said defendants say, that, by virtue of said contract set forth in the plaintiffs' complaint, the plaintiffs agreed to build and complete said church building on or before the 1st day of March, 1896, and that, in default thereof, the plaintiffs should pay to said St. John's Episcopal Church the sum of $50 per day thereafter that said work shall remain unfinished, as and for liquidated damages. The defendants say that said work still remains unfinished, although more than 200 days have elapsed since said 1st day of March, 1896; that by reason of said failure of the plaintiffs to complete said building, in accordance with the provisions of said contract, on or before the 1st day of March, 1896, the defendant, the St. John's Episcopal Church, has been damaged in the sum of $50 for each and every day said church remains uncompleted after said 1st day of March, 1896, or, $10,150. Wherefore the defendants say that said St. John's Episcopal Church and neither of said defendants are indebted further to the plaintiffs, and they ask judgment." The court seems to have treated this paragraph as a counterclaim, and it is made the foundation of a recovery or allowance against the appellants of $3,000. Its sufficiency was not tested by demurrer in the court below, and in this court it is not assailed by any assignment of error. This court has held in numerous cases that, if the complaint states a good cause of action, and avers facts sufficient to bar another suit for the same cause, defects and irregularities in form will be cured by a general finding or verdict, or by a special finding or verdict which finds the facts necessary to complete the cause of action thus defectively stated, *provided* the facts so found

are within the issues made by the pleadings. *Robinson* v. *Powers*, 129 Ind. 480; *Colchen* v. *Ninde*, 120 Ind. 88; *Peters* v. *Banta*, 120 Ind. 416; *Du Souchet* v. *Dutcher*, 113 Ind. 249; *Dreyer* v. *Hart*, 147 Ind. 604; *Ades* v. *Levi*, 137 Ind. 506; *Parker* v. *Clayton*, 72 Ind. 307; 28 Am. & Eng. Ency. of Law, p. 420, (note). But the third paragraph of the pleading filed by the defendants can not be regarded either as a counterclaim or a set-off entitling defendant to affirmative relief.

The distinction between an answer and a counterclaim or set-off is an obvious one. The purpose of an answer is to defeat the action and bar a recovery. A counterclaim or set-off, on the contrary, is a pleading by which the defendant states a cause of action in his own favor, and against the plaintiff. It does not purport to answer the complaint, or to set forth any facts which bar a recovery upon it. It has none of the properties of an answer. It neither admits nor denies the allegations of the complaint. It does not confess and avoid them. Where a defendant succeeds upon an answer going to the whole complaint the only judgment the court can pronounce is, that the plaintiff take nothing by his complaint, that the defendant go hence thereof without day, and, by virtue of the statute, that the defendant recover his costs. If a defendant wishes to obtain affirmative relief against the plaintiff, he must state his cause of action by way of counterclaim or set-off. It is settled beyond dispute that the same pleading can not be treated both as an answer and a counterclaim. The commencement of the third paragraph of the pleading filed by the defendants in this case is in these words: "For a third and further defense said defendants say," etc., and it concludes thus: "Wherefore the defendants say that said St. John's Episcopal Church and neither of said defendants are indebted further to the plaintiffs, and they ask judgment." The paragraph is pleaded as an answer only, and it can not be made the foundation of a judgment for damages, or other affirmative relief, in favor of the defendants, and against the plaintiffs.

It follows, that, as the pleading does not sustain the finding, the finding does not support the conclusion of law. The exception to the fifth conclusion of law was, therefore, well taken, and should have been sustained.

The sixth, seventh, and eighth conclusions of law relate to the claims of the subcontractors, Martin & Amidon, Laurer & Weiss, and Furlong & Frush, and to their right to foreclose their respective liens. The court found that these claims were due and owing by appellants, ascertained the amount of each, including attorneys' fees, and found, also, that these parties, respectively, held mechanics' liens on the church property.

Looking to the findings of fact and to the pleadings to which they relate, as we are compelled to do, the sixth, seventh and eighth conclusions of law are, beyond doubt, correct. It is insisted that the court erred in allowing the attorneys' fees on each of these claims, but we think the findings clearly justified the action of the court.

The ninth conclusion of law is that the amounts so due from appellants to the subcontractors, and for which the latter had established their liens upon the church property, should be deducted from the sum found to be due to the appellants in conclusion number two. This conclusion is strictly in accordance with the terms of the contract of appellants as found by the court.

The tenth conclusion states that, after deducting from the sum due the appellants, as set forth in conclusion number two, the various amounts allowed the defendant, the wardens, vestrymen, etc., as credits and deductions, the appellants should take nothing by their complaint, and that the wardens, vestrymen, etc., should recover from the appellants $1,972.32, with their costs. This conclusion rests upon the facts found under the third and fourth paragraphs of the pleading filed by the church corporation; and the exception to it, also, should have been sustained, for the reasons given concerning the fifth conclusion of law. As the

court found that nothing was due to the appellants, and that they had no claim or lien enforceable against the church corporation, or property, they were not entitled to the allowance of an attorney's fee for foreclosing a mechanic's lien. The payment of their claim extinguished their lien, and there was no basis for the allowance of such fee.

The eleventh conclusion of law is that upon payment by appellants of any or all the judgments in favor of the subcontractors, and against appellants and the church property, the appellants will be entitled to credit for the amount so paid. This conclusion is obviously right, and is for the benefit of the appellants.

The appellee, the church corporation, demurred to the complaint, its demurrer was overruled, and this decision of the court is assigned as a cross-error.

Under this assignment, it is insisted that the defendant church corporation is sued by the wrong name. No plea in abatement was filed, and the question is not properly raised by the record. A church society has a right to choose any name, and for all that appears in the pleadings the name selected by this society was "St. John's Episcopal Church, of Elkhart, Indiana". It might have been incorporated under the name of "The Rector, Wardens, and Vestrymen of St. John's Episcopal Church", etc., but it was not bound to adopt that designation. If it was not incorporated at all, or if it was incorporated under one name, and sued in another, these errors might have been taken advantage of by proper pleadings, but they were not presented by way of plea or answer, and they can not be raised in this case by demurrer for want of facts. §§4729, 4742, 4743 Burns 1894; *Richwine* v. *Presbyterian Church*, 135 Ind. 80.

The allegation of performance of the contract by appellants was sufficient, and the inconsistency between the date at which the work was to be finished, according to the contract, and the date of its completion, as stated in the complaint, was properly disregarded. Under the averment, as

made, the appellants would have been compelled to prove that they did, in fact, complete the work on or before March 1, 1896. No excuse for non-performance could have been shown. §373 Burns 1894; *Home Ins. Co.* v. *Duke,* 43 Ind. 418; *Purdue* v. *Noffsinger,* 15 Ind. 386; *Plowman* v. *Shidler,* 36 Ind. 484.

The plans and, specifications referred to in the contract were not parts of the contract in such sense as to require that they should be filed as exhibits. The written instrument on which the complaint was founded was the contract to construct the church edifice, in consideration of the sum to be paid therefor. Drawings, plans, specifications, and the like, although referred to in the agreement, did not constitute the written instrument sued upon, and it was not necessary to file the originals or a copy thereof with the pleading. *Continental Ins. Co.* v. *Kessler,* 84 Ind. 310.

The contract sued upon was, evidently, the contract of the church corporation, and not the agreement of the persons signing it on behalf of that corporation. The instrument is carelessly drawn, and is inaccurate in many particulars, but it is to be construed as a contract between the appellants and the church corporation alone.

The objection that the complaint fails to show a sufficient excuse for the failure of the appellants to obtain from the supervising architect the certificate required by the contract can not be sustained. The complaint avers that the appellants fully performed the contract on their part, excepting the condition thereof requiring them to obtain the certificate of the architect. It is alleged that, after the work was finished, they demanded the certificate, and notified the appellees of their demand, requesting them to cause the certificate to be delivered, but that the same was refused. These averments showed that the appellants were entitled to the certificate, and that it was wrongfully withheld. The facts pleaded in this connection constituted a sufficient excuse for the failure of appellants to procure the certificate.

Cleveland, etc., R. Co. v. Parker, Adm.

*Flaherty* v. *Miner*, 123 N. Y. 382, 25 N. E. 418; *Williams* v. *Chicago, etc., R. Co.,* 112 Mo. 463, 20 S. W. 631. If not proved on the trial, the appellants would have suffered the consequences of their failure to prove a material fact.

The complaint is open to criticism in many respects, but its allegations are sufficient to withstand a demurrer.

For the errors of the court in its fifth and tenth conclusions of law, the judgment in favor of the wardens, vestrymen, etc., of St. John's Episcopal Church against the appellants is reversed, and the cause is remanded for a new trial. The judgments in favor of the subcontractors, Laurer & Weiss, Martin & Amidon, and Furlong & Frush, are affirmed. Baker, J., was absent.