## MILLER ET AL. *v.* ARMSTRONG-LANDON COMPANY.

[No. 8,010. Filed June 4, 1913.]

1. APPEAL. — *Questions Reviewable.* — *Motion for New Trial.— Record.—Evidence.*—Where no reference is made in appellant's brief to the filing of a bill of exceptions, and no order book entry of the filing of such bill is disclosed by the record, or by the clerk's certificate, it must be held that the evidence is not in the record, and no question is presented on the overruling of a mo-

tion for new trial grounded on the alleged insufficiency of the evidence. p. 503.

2. APPEAL.—*Assignment of Errors.*—*General Assignment.*—*Effect.* —No error is available under a general assignment of error as to the conclusions of law, if any one of the conclusions is correct. p. 503.

From the Howard Circuit Court; *William C. Purdum,* Judge.

Action by the Armstrong-Landon Company against Henrietta Miller and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Milton Bell* and *Joseph C. Herron,* for appellants.

*Blacklidge, Wolf & Barnes,* for appellee.

SHEA, J.—Suit by appellee to foreclose a mechanic's lien against appellants, Henrietta Miller and Charles G. Miller. Appellant, John W. Tash, was made a party to the action to answer as to any interest he might have or claim in the property subject to the lien. The complaint was in four paragraphs, to each of which appellant's separate demurrers were overruled. Answer in general denial. Appellant Tash filed a cross-complaint against Miller and Miller to foreclose a mechanic's lien against them on an account he claimed was owing him by Charles G. Miller, which was answered in general denial. Upon request, the court made a special finding of facts and stated conclusions of law thereon as follows: (1) That appellee is entitled to a personal judgment of $429.19 (principal and interest) against Charles G. Miller, and $55.00 attorney's fees, also, foreclosure of the mechanic's lien against Henrietta Miller and Charles G. Miller as to that part of the real estate described in finding No. 30. (2) That cross-complainant, John W. Tash, is entitled to a personal judgment of $84.29 (principal and interest) against Charles G. Miller, and $15.00 attorney's fees; also foreclosure of his mechanic's lien against Henrietta Miller and Charles G. Miller upon that part of the real estate described in finding No. 30. (3) That Henrietta

Miller is entitled to have all of her real estate except the part described in finding No. 30 released from the lien of said mechanic's lien and recover her costs; that all costs are to be taxed against Charles G. Miller and declared a lien upon the real estate described in finding No. 30. Judgment was rendered accordingly.

The errors assigned are the overruling of appellant's motion for a new trial, and error of the court in its conclusions of law upon the facts found. In support of the motion for a new trial it is insisted that the decision of the court is not sustained by sufficient evidence and is contrary to law. Appellee earnestly insists that any question presented by the motion for a new trial can not be considered by this court for the reason that the evidence is not in the record. No reference is made in the brief to the filing of a bill of exceptions. An examination of the record shows no order book entry of the filing of the bill of exceptions, neither does the certificate of the clerk cure the imperfection, or show that a bill of exceptions was filed. Under numerous decisions of this as well as the Supreme Court, it must be held that the evidence is not in the record. *Dreyer* v. *Hart* (1897), 147 Ind. 604, 609, 47 N. E. 174; *Board, etc.* v. *Huffman* (1892), 134 Ind. 1; 31 N. E. 570; *De Hart* v. *Board, etc.* (1896), 143 Ind. 363, 41 N. E. 825; *Elrod* v. *Purlee* (1905), 165 Ind. 239, 73 N. E. 589, 74 N. E. 1085; *McCormick Harvesting Co.* v. *Smith* (1899) 21 Ind. App. 617, 619, 52 N. E. 1000, and authorities cited; *Kelso* v. *Kelso* (1897), 16 Ind. App. 615, 44 N. E. 1013, 45 N. E. 1065.

It is earnestly urged by appellee that the assignment of error as to the conclusions of law is general, and therefore if any one of the conclusions is correct, there is no available error. We concur in this contention. "It is a general rule in this State that when there are several rulings each must be separately challenged, and the exception must be taken to each. Where the objection or excep-

tion in the court below or assignment of error in this court is joint as to several rulings or acts of the court, the same will fail unless valid as to all of such rulings or acts." *Saunders* v. *Montgomery* (1895), 143 Ind. 185, 41 N. E. 453, and numerous authorities cited. No exception was taken or appeal brought from the second conclusion of law for John W. Tash on his cross-complaint. It must therefore be taken as correct, and the general assignment of error overruled.

No available error is presented by this record. Judgment affirmed.

Note.—Reported in 102 N. E. 47. See, also, under (1) 3 Cyc. 175; (2) 2 Cyc. 987, 995.