[No. 5874. Decided March 2, 1906.]

# J. B. SWEATT et al., Respondents, v. S. L. HUNT, Appellant.[1]

MECHANICS' LIENS—SUBSTANTIAL PERFORMANCE—CONTRACTS—CON-
STRUCTION BY OWNER—FAILURE TO CONDEMN WORK—LIEN FOR BAL-
ANCE. The failure of a contractor to place upon the walls of a build-
ing a third coat of plaster, which was not a substantial part of the
contract, will not bar an action by him to foreclose a mechanics'
lien for the balance due on the contract, less the cost of such third
coat of plaster, where it appears that the terms of the contract were
not clear as to whether two or three coats were called for, that the
contract provided that the owner should construe the terms of the
contract and his construction should be final, and that he could give
a written notice condemning any part of the work as it progressed
requiring compliance with the contract, and it further appears that
he was present daily during the progress of the work, notified the
contractor when the second coat of plaster was dry enough for the
woodwork, and gave no notice that any of the work was improper
and made no claim respecting a third coat of plaster until the con-
tract was finished.

CONTRACTS — PERFORMANCE — WRITTEN NOTICE OF BREACH — EVI-
DENCE—ORAL OBJECTIONS—ADMISSIBILITY. Upon an issue as to the
due performance of a building contract, evidence that the owner
made oral objections during the progress of the work as to the
manner of performance is inadmissible, where the contract provided
that the owner could condemn by written notice any part of the
work, which should thereupon be removed by the contractor, and
that no such written notice was given.

MECHANICS' LIENS—FORECLOSURE—ATTORNEY'S FEES—ALLOWANCE
IN SUPREME COURT. In an action to foreclose a mechanics' lien, in
which the trial court fixed the amount of the attorney's fees, inde-
pendent attorney's fees will not be allowed in the supreme court
upon affirming the judgment.

Appeal from a judgment of the superior court for Spokane
county, Carey, J., entered May 3, 1905, upon findings in
favor of the plaintiffs, after a trial before the court without
a jury, foreclosing a mechanic's lien. Affirmed.

*Robertson, Miller & Rosehaupt,* for appellant.

*John C. Kleber,* for respondents.

1Reported in 84 Pac. 1.

MOUNT, C. J.—This action was brought by respondents, to foreclose a mechanic's lien against certain property owned by appellant. The complaint alleged, that on October 19, 1904, the respondents entered into a written contract with appellant for the completion of some thirty-three rooms of a three-story building belonging to appellant, at an agreed price of $1,560; that respondents finished the said rooms in accordance with the contract; that appellant neglected and refused to pay the balance due thereon; that thereafter a mechanic's lien was filed against the building for the sum of $1,237. The prayer was for judgment for that amount, and $200 attorney's fee for foreclosing the lien.

Appellant answered admitting the contract, but denied that respondents had complied therewith and alleged that respondents had wholly failed to comply with the terms of the contract in a substantial manner as regards the plastering, plumbing, and painting the wood work. Appellant also alleged that he had been greatly damaged as a result of the nonperformance of the contract by respondents. The reply denied the new matter contained in the answer.

Upon the trial, the court found that the respondents had substantially performed the terms of the contract, and made findings favorable to the respondents, with one exception— that by reason of a doubtful provision of the contract relating to the plastering, respondents had failed and refused to put on the walls a carpet float of plastering, which appellant subsequently put on at a cost of $165, which sum was deducted from the amount found due from appellant to respondents; and a decree of foreclosure was entered for the balance. From that decree this appeal is prosecuted.

There are numerous assignments of error, nearly all of which are that the court erred in its findings of fact. We shall not discuss these assignments separately. The contract provides, among other things, as follows:

"The work included in this contract is to be done under the direction of the owner, and that his decision as to the true construction and meaning of the drawings and specifications shall be final. . . . The contractor shall provide sufficient, safe and proper facilities at all times for the inspection of the work by the owner or his authorized representatives; shall, within twenty-four hours after receiving written notice from the owner to that effect, proceed to remove from the grounds or buildings all materials condemned by him whether worked or unworked, and to take down all portions of the work which the owner shall by like written notice condemn as unsound or improper, or as in any way failing to conform to the drawings and specifications, and shall make good all work damaged or destroyed thereby. . . . The building shall be plastered in ten days from date, and the carpenter work shall be finished in one week after the plastering is dry. Owner shall have the right to say when the plastering is dry."

The specifications in regard to the plastering provided that,

"This lathing to receive two coats of plaster; first coat to be brown hair mortar properly composed of fresh burnt lime, clean sharp bank sand and plenty of long cattle hair, well soaked; all to be well mixed before applying. Second coat to be of lime and sand mortar with comparatively little hair, and all to be put on with sufficient force to secure a good clinch. Plaster full to all grounds, plumb and square all angles. Carpet float for calcimining walls."

At the trial the principal contention in the case was over the plastering. The evidence showed conclusively that the appellant was in attendance upon the work every day, and nearly all the time. He saw how everything was done. He saw the plastering put on. When two coats had been applied and it had dried for several days, he notified the respondents that it was dry enough for the woodwork, which was thereupon put on by the respondents. No written notice by the owner was given condemning any of the work as unsound or improper, during the progress of the work. When re-

spondents had finished the whole work within the time agreed upon, and made a request for their pay, appellant thereafter, on December 6, 1904, served a written notice on respondents as follows:

"I hereby notify you that from the above date action will be taken as per article No. 5, in our building agreement, made the 19th day of October, 1904, as the plastering is unsatisfactory and the plumbing is not according to plans. By such default the building being unfinished is a pecuniary loss to me. Yours respectfully, S. L. Hunt."

Article No. 5, referred to in the above notice, was to the effect that if the contractor refused to properly perform the work, the owner, after three days' written notice, might perform the same and deduct the cost thereof from any amount due the contractor. A dispute then arose between appellant and respondents as to whether the specifications required two coats of plaster or three coats, appellant contending for three coats and respondents that they had fully performed the contract by placing two coats of plaster on the laths. Appellant thereupon employed other plasterers, and the third coat of plaster was placed upon the walls at an expense of $165. This item was allowed by the court, and the amount of it deducted from respondents' claim.

Appellant, however, contends that the failure of the respondents to place this third coat of plaster upon the walls was a substantial part of the contract, and because respondents refused to do it, that they had not performed their contract so as to maintain their action upon this lien. But such result does not follow. Under the terms of the contract, respondents were entitled to the balance due after deducting this item, and of course could maintain their lien for that balance. The terms of the contract relating to plastering as stated above were not clear; the meaning was doubtful; it was subject to construction. Respondents construed the specifications as meaning but two coats of plaster, and completed the work upon that construction. The appellant was present and made

no objection until the work was fully performed and a demand for payment was made by respondents. He then, for the first time, raised the point. The contract provided that the owner should construe the terms of the contract, and that his construction should be final. Under this provision, the owner was authorized to require three coats of plaster, provided he did not mislead the contractors, and made his objections in time. Respondents are not contending now that appellant waived his rights by silence or failure to object at the time the plastering was placed upon the walls. When appellant employed others to complete the work and deducted the amount necessary to pay for it from the amount due on the whole work, the balance was due to the respondents. Respondents were entitled to their lien for such balance.

Appellant contends that the plumbing and painting were defective, and evidence was offered to show that oral objections were made during the progress of the work, but the court correctly excluded these offers, because the contract required such notice to be in writing. Appellant does not contend that he made any expenditures in order to remedy any defects in the plumbing or painting. The evidence, we think, shows that this work was done in accordance with the plans and specifications. We have carefully examined all the evidence in the case and are of the opinion that the findings of the court are clearly in accordance with the facts about which there is very little dispute.

The court below allowed the respondents an attorney's fee of $150 for foreclosing the lien. Respondents ask us to make an additional allowance of $200. We have heretofore refused to make orders of this kind. *Lavanway v. Cannon,* 37 Wash. 593, 79 Pac. 1117. The request is therefore denied.

We are satisfied that the judgment appealed from does substantial justice between the parties. It is therefore affirmed.

ROOT, DUNBAR, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.