[No. 13191. Department One. March 2, 1916.]

J. M. EVANS, *Respondent*, v. C. F. GOIST *et al.*, *Appellants*.[1]

PLEADING—COMPLAINT—CERTAINTY AND DEFINITENESS. It is not error to refuse to compel a complaint on a building contract to be made more definite and certain by setting out the plans and specifications.

ACTIONS—JOINDER. A complaint in an action to foreclose a mechanics' lien for the balance of the contract price, and also for the reasonable value of extras, not expressly provided for in the contract but contemplated in the plans and specifications, is not demurrable for misjoinder of causes of action on contract and on *quantum meruit;* the action being one on contract and not on *quantum meruit.*

APPEAL—REVIEW—HARMLESS ERROR. Upon a trial *de novo* on appeal, errors in the admission of evidence are immaterial.

MECHANICS' LIENS—FORECLOSURE — CONTRACT — SUBSTANTIAL PERFORMANCE—EVIDENCE—SUFFICIENCY. A mechanics' lien will not be denied for plaintiff's failure to substantially perform his contract, although there were minor imperfections which, in a $2,500 job, were fully compensated for by reducing the claim to the extent of $217, where the evidence indicated an attempt in good faith to perform

[1]Reported in 155 Pac. 780.

the contract and to correct all imperfections pointed out, and the owners observed the character of the work and made no objections thereto at the time.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 17, 1915, in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court. Affirmed.

*H. W. Lueders*, for appellants.

*Gordon & Remann* and *A. O. Burmeister*, for respondent.

MOUNT, J.—This action was brought to foreclose a mechanics' lien for a balance alleged to be due the plaintiff under a contract to construct a bungalow for the agreed price of $2,425.

The complaint alleged that the work was to be done under a contract, which contract is set forth in full as an exhibit to the complaint. One paragraph of the written contract is as follows:

"The said party of the second part hereby promises and agrees to erect one bungalow as per plans and specifications furnished by party of the first part."

The complaint alleged that the work was completed in accordance with the contract, and in addition to the contract price, that the plaintiff, at the request of the defendant, furnished extra work of the reasonable value of $69.70; that the total sum due upon the contract was $2,494.70; that the plaintiff had been paid thereon the sum of $1,625, leaving a balance of $869.70, for which the plaintiff prayed a foreclosure of the lien.

The defendant filed a motion for an order to make the complaint more definite and certain by setting forth a copy of the plans and specifications; and by stating whether the plaintiff was relying upon his contract or upon a *quantum meruit*. This motion was denied. A demurrer was then filed on the ground that the complaint did not state facts sufficient

to constitute a cause of action; and that two causes of action were improperly united, one an action upon contract, and the other an action upon *quantum meruit*. This demurrer was overruled. The defendants then answered, admitting certain extras, but denying extras to the amount set forth in the complaint. The answer further alleged that the plaintiff had issued orders against the defendants totaling $679.97, on which payments had been made in addition to those admitted in the complaint. The answer denied that the work was done in accordance with the contract and affirmatively alleged a great number of particulars in which the house was defective, and claiming damage for defective work and defective material in the sum of $1,179.

The plaintiff, in his reply, admitted the giving of orders in the sum of $529.51, but denied that these orders had been paid; and denied that there was any defective workmanship or defective material, and alleged that the contract had been fully completed.

Upon these issues the case went to trial. Upon the trial, after the defendants had testified that the orders above referred to had been paid in the amount of $627.76, the plaintiff admitted that these credits should be made, so that the controversy was finally reduced to $366.94. After hearing all the evidence, the court concluded that the plaintiff was entitled to a judgment for $150, and for a foreclosure of his lien for that amount, and an attorney's fee. The defendants have appealed from that judgment.

It is argued, first, that the court erred in denying the motion to make the complaint more definite and certain. It is contended that, because the plans and specifications are referred to in the contract, as hereinabove stated, they were a necessary part of the complaint, and should have been attached thereto as a part of the contract. No authorities are cited by the appellant upon this point. We have no doubt that the court, in its discretion, might have required a copy of the plans and specifications to be attached to the complaint

in order to make it more definite and certain; but we are satisfied that its refusal to so direct was not error. The general rule seems to be that:

"Plans or specifications referred to in the contract are not parts of the contract in such sense as to require that they should be filed as exhibits, with a complaint on the contract, in order to authorize their admission in evidence, and it is sufficient to refer to them as parties refer to them in a contract, leaving their identity in case of dispute to be established by parol evidence." 6 Cyc. 93.

See, also, *Bird v. St. John's Episcopal Church*, 154 Ind. 138, 56 N. E. 129. The reason for the rule is stated in *Learmonth v. Veeder*, 11 Wis. *139, 144, where it was said:

"The question then is, whether, in a complaint on a building contract, it is necessary to set forth the plans and specifications mentioned in it, in order to authorize their admission in evidence. And we think it is not. Chiefly for the reason, that in many cases it would be utterly impracticable. The plans and specifications of the building are usually prepared by architects, and require great skill and experience. They consist sometimes of extensive and complicated plates or drawings, which it would often be exceedingly inconvenient, if not utterly impracticable to attach to and make a part of the pleadings in the case. . . .

"These considerations lead to the conclusion that these plans and specifications, although referred to in the contract, and being so much a part of it that they are material to be known in order to determine what it requires, are yet, from their very nature, so far incapable of being inserted in the pleadings, that it must be held sufficient to refer to them as the parties refer to them in the contract, leaving their identity, in case of dispute, to be established by parol evidence."

We conclude, therefore, that it was not error for the trial court not to require these drawings and specifications to be attached to the complaint.

It is next argued that the demurrer should have been sustained because two causes of action were improperly joined. But it is apparent from the complaint itself that the action

is based upon the contract. While nothing is said in the written contract regarding extra work, the specifications which were offered in evidence show that extra work was contemplated. And it is a conceded fact that numerous changes were made in the plans and specifications after the contract was entered into; and agreements were made between the parties as to what this extra work should be done for.

"It is usually held that where the contract is for a building generally extras subsequently ordered will be covered by the lien, at any rate if provision is made in the contract with regard to extras, thereby showing that they were contemplated." 27 Cyc. 51.

We think it is plain from the whole complaint that the basis of the action was upon the particular contract, and not upon a *quantum meruit*.

It is next argued by the appellants that the court erred in receiving certain evidence. The case is tried here *de novo;* and it has uniformly been the practice of this court not to regard errors of this kind, but to disregard evidence improperly admitted in the trial court.

It is lastly strenuously argued by the appellants that the evidence shows the plaintiff did not substantially perform his contract, because of many inperfections in the workmanship and in the material furnished. We have no doubt that if the evidence showed bad faith on the part of the contractor, he would not be entitled to recover. *Schmidt v. North Yakima,* 12 Wash. 121, 40 Pac. 790.

In the case of *Mortimer v. Dirks,* 57 Wash. 402, 107 Pac. 184, we said:

"It is a modern rule that substantial compliance with a building contract is all that is required, and that where the contractor has in good faith and honestly sought to comply with its terms, but has failed in some minor respects, his right of recovery cannot be defeated under the contract, but will be offset by the amount required to complete the contract. Some of the cases holding that substantial compliance only is required hold that the action is properly brought upon the

contract and the amount due thereon is subject to deductions for damages arising from improper performance; while others hold that the contractor is entitled to recover upon a *quantum meruit*. But whatever be the rule of recovery, the reason for it is that a contractor, acting in good faith and with a determination to do what he has contracted to do, should not suffer if he has, unintentionally and without any negligence in some small matter, departed from the strict terms and detail of his specifications."

See, also, *Taylor v. Ewing*, 74 Wash. 214, 132 Pac. 1009. The specifications in this case provide:

"In case the nature of the defects shall be such that it is necessary to have it corrected, the owner shall have the right to deduct from the contract price, at final payment, such sums of money as would be a fair consideration for any damage to the building or any difference in value between work or material used instead of as hereinafter specified or shown on plans."

The evidence is in conflict as to whether the material furnished was first class, and whether the work was done in a first-class, workmanlike manner. The trial court heard this evidence, and apparently concluded that, upon the whole evidence, the plaintiff had endeavored to faithfully perform the contract. There were undoubtedly minor imperfections; and evidently the court allowed for these, because he reduced the amount claimed, viz., $366.94 to $150, upon the theory, no doubt, that the imperfections in the work and in the materials could be fully compensated for by this difference. We have carefully read the evidence in the case, and conclude that, while there were a number of imperfections, both in workmanship and material used, this amount will fully compensate for these imperfections. Furthemore, it appears that, during the progress of the work, the defendant, or his wife, was upon the work, and noticed its condition the greater part of the time. Many changes were suggested and made at their request. They observed the character of the material, and the character of the workmanship, and apparently

made no objection thereto at the time it was done. Later, they did make objections. After these objections were made, the contractor expressed a willingness to make changes to the satisfaction of the defendants, and sent a man there for that purpose. Objections which were pointed out were remedied. It is apparent to us from a reading of the record that the plaintiff attempted in good faith to fully and carefully perform the contract.

We are of the opinion, therefore, that there was no bad faith, and that the judgment must be affirmed.

MORRIS, C. J., CHADWICK, ELLIS, and FULLERTON, JJ., concur.