[No. 28557.   Department Two.   April 10, 1942.]

MYRTLE PATRICK, *Respondent,* v. CORNELIUS BONTHIUS *et al., Appellants.*[1]

[1]Reported in 124 P. (2d) 550.

*Clinton & Southard,* for appellants.

*Clifford O. Moe,* for respondent.

SIMPSON, J.—Plaintiff brought this action to foreclose a mechanic and materialman's lien against land located in the town of Soap Lake. After a trial on the merits, the court entered its decree to the effect that plaintiff recover from Cornelius Bonthius and Iva Bonthius, as individuals and as a marital community, the sum of $2,680.93, together with interest, costs, and attorneys' fees; that a lien for the total amount be impressed upon the interest of Cornelius Bonthius in the real property; and that it be sold to satisfy the judgment. Judgment was not rendered against the minor defendants. Defendants Cornelius and Iva Bonthius have appealed. For convenience, defendant Cornelius Bonthius will be referred to as appellant.

The assignments of error are in holding that the

building was completed in accordance with the provisions of the contract, in allowing a recovery upon a written contract after respondent had sued upon *quantum meruit,* and in decreeing that the interest of Cornelius Bonthius in the property was subject to the lien.

The facts as disclosed by the record are as follows: Prior to February 3, 1940, appellant was the owner of an undivided one-half interest in a lot located in Soap Lake, Washington. His four minor children owned the other one-half interest. A business building located upon the property was destroyed by fire and insurance in the amount of thirty-five hundred dollars was paid, one-half to appellant in his own right and one-half to him as guardian for his children. February 16, 1940, Charles Wolk and M. H. Cherf entered into a written contract with Cornelius Bonthius and Iva Bonthius, his wife, by the terms of which Wolk and Cherf agreed to construct a building upon the property for the sum of $5,890 "subject to the approval of the court as to the interest of the minors."

After the building had been partially completed, appellant ordered the construction of a beauty parlor in the building. In addition, the contractors did some work in wrecking and removing a small concrete ice house located upon the property. The construction of the building was completed May 1, 1940.

Appellant paid the contractors thirty-five hundred dollars, one-half of which sum was paid by court order from the insurance money belonging to the minors. The order made by the court did not authorize the guardian to incur a debt which would become a lien against the interests of the minors.

June 19, 1940, Wolk and Cherf filed a lien against the real property upon which the building was constructed in the sum of $3,200.55. The claim of lien was

thereafter assigned to respondent, who instituted this action.

Appellant contends that the building was not completed and that the filing of the lien notice was premature. They introduced evidence to show faulty construction. That evidence, however, was contradicted by several witnesses who testified for respondent.

At the termination of the trial, the court concluded that some minor corrections should be made in the building and gave the contractors sixty days to complete them. After the corrections were made, the court entered its decree. The faults in the building were caused for the most part by shrinkage of materials and the settling of the building, over which the contractors had no control.

We are in accord with the actions of the trial court. The procedure followed brought about a favorable condition which resulted in a benefit to the owners of the property.

There was in the first instance a substantial performance of the contract. The contractors acted in good faith in attempting to comply strictly with the provisions of the building contracts. In such cases, courts will not deny recovery even though there are minor defects in the finished structure.

The rule relative to a situation of this nature was adopted by this court, *Mortimer v. Dirks*, 57 Wash. 402, 107 Pac. 184, in the following language:

"... it is a modern rule that substantial compliance with a building contract is all that is required, and that where the contractor has in good faith and honestly sought to comply with its terms, but has failed in some minor respects, his right of recovery cannot be defeated under the contract, but will be offset by the amount required to complete the contract. Some of the cases holding that substantial compliance

only is required hold that the action is properly brought upon the contract and the amount due thereon is subject to deductions for damages arising from improper performance; while others hold that the contractor is entitled to recover upon a *quantum meruit*. But whatever be the rule of recovery, the reason for it is that a contractor, acting in good faith and with a determination to do what he has contracted to do, should not suffer if he has, unintentionally and without any negligence in some small matter, departed from the strict terms and detail of his specifications.

"The rule is for the benefit of the honest, skillful and prudent contractor, who faithfully endeavors to live up to the terms of his agreement but through mistake or inadvertence fails in unimportant particulars."

Accord, *Sweatt v. Hunt*, 42 Wash. 96, 84 Pac. 1, *Belknap Glass Co. v. Brown*, 69 Wash. 127, 124 Pac. 390; and *Evans v. Goist*, 90 Wash. 100, 155 Pac. 780. See, also, 3 Williston, Contracts (Rev. ed. 1936), 2256, § 805.

■ Appellant argues that the court erred in allowing recovery upon a written contract after the action had been instituted for the "reasonable value of said materials and labor." This argument is likewise without merit. It must be remembered that we are concerned with two contracts: a written one for the construction of a building for the sum of $5,890; an oral one for the construction of a beauty shop and the wrecking and removing of an ice house.

Whatever may have been the theory expressed in the complaint, the bill of particulars, the reply, and the amendment to the complaint permitted by the court during the trial established very clearly that this action was based on the amount provided for in the written contract and the reasonable value of the labor performed and materials supplied under the oral agreement. We find no error either in respondent's procedure or the court's permission to amend.

█ Appellant next contends that there was no evidence introduced to prove the time when the last item was finished. The answer is contained in the following testimony of contractor Wolk:

"Q. You completed this work on May 1st according to your lien. Is that correct? A. Yes."

It is clear that the testimony of the contractor was sufficient to show the time when the last work and materials were furnished.

█ Finally, appellant maintains that the lien cannot be foreclosed against the one-half interest of appellant Cornelius Bonthius; that when the lien failed as to the minors' one-half interest it should have been declared null and void.

This contention appears to be based on the fact that the lien was filed against both appellant and his children, and that, inasmuch as the proceedings were dismissed as to the latter, appellant's interest cannot be sold to satisfy the whole claim.

We are unable to agree with this argument. In the first place, it must be borne in mind that a tenant in common may impose a lien or other encumbrance on *his* undivided interest in the property. 62 C. J. 544, § 223; 10 Thompson, Real Property (Perm. ed. 1940) 375, § 5380; *Leavell v. Carter,* 112 S. W. (Ky.) 1118; *Roxbury Painting & Decorating Co. v. Nute,* 233 Mass. 112, 123 N. E. 391, 4 A. L. R. 680. In *Leavell v. Carter, supra,* it was held that, where certain land was conveyed to a woman and her infant children, she had the power to create a lien on her interest notwithstanding that the minors' interest could not be encumbered. Likewise, in the case at bar the labor done and material furnished were contracted for by appellant. Although the minors' one-half interest could not be encumbered, this fact would not relieve appellant's interest from the lien.

■■ Moreover, the filing of the lien claim against both appellant and his children instead of just the former was not fatal to respondent's lien. *Roxbury Painting & Decorating Co. v. Nute, supra.* A reading of the contents of the lien claim, with the necessary requisites to be expressed in mind, as provided by Rem. Rev. Stat., § 1134 [P. C. § 9710], demonstrates very clearly that this statute was complied with, and that appellant possessed sufficient information to intelligently apprise him of the nature and circumstances surrounding the claim. Thus, appellant's one-half interest is still subject to the lien notwithstanding the court's decision that the minors' interest was not. In addition, since appellant contracted for the construction, appellant's interest in the property may be subjected to a lien for the entire claim. *Ness v. Wood,* 42 Minn. 427, 44 N. W. 313; *Berglund & Peterson v. Abram,* 148 Minn. 412, 182 N. W. 624.

Finding no error, we affirm the judgment.

ROBINSON, C. J., BEALS, BLAKE, and JEFFERS, JJ., concur.