[No. 28557½. Department Two. April 11, 1942.]

CHARLES WOLK *et al., Respondents,* v. CORNELIUS BONTHIUS *et al., Appellants.*[1]

*Clinton & Southard,* for appellants.

*Clifford O. Moe,* for respondents.

SIMPSON, J.—This is a companion case to *Patrick v. Bonthius, ante* p. 210, 124 P. (2d) 550. The cases were consolidated for trial but were brought here by separate appeals. This, too, was an action to foreclose a lien for work done and materials furnished in the con-

[1]Reported in 124 P. (2d) 553.

struction of a cold storage plant. After a hearing upon the merits, the court entered its decree foreclosing the lien claimed by plaintiffs. Defendants Cornelius Bonthius and Iva Bonthius have presented this appeal. Assignments of error are in permitting the introduction of the claim of mechanics' lien, and in entering judgment in favor of plaintiffs.

For convenience we will refer to Cornelius Bonthius as appellant.

The facts may be summarized as follows: After completion of the building involved in *Patrick v. Bonthius, supra,* appellant and respondents entered into a written contract whereby the latter agreed to construct a cold storage plant upon the rear portion of the lot upon which the completed building stood.

Mrs. Bonthius and her minor children had no interest in the property involved in this case.

After signing the contract, May 21, 1940, respondents proceeded to stake out the place for the cold storage plant and to excavate the basement. They built a trench for the footings, put them in, and then built a foundation for a brine tank. The work had progressed as indicated when appellant demanded that the respondents put in a sidewalk, which had not been called for in the contract. Upon their refusal, they were ordered from the property by appellant. Thereafter, respondents filed their claim of lien for the reasonable amount of the work performed and materials furnished.

It is the contention of appellant that respondents abandoned the contract and for that reason cannot recover. On the other hand, respondents maintain that they were willing to proceed but were restrained from so doing by the acts of appellant in ordering them from

the property and refusing to allow them to complete the cold storage plant.

The evidence upon this question is in conflict. However, a reading of the record leads us to the conclusion that appellant was responsible for the cessation of the work as provided by the terms of the contract. Under those circumstances respondents were justified in leaving the work and in filing their lien. The failure on the part of respondents to perform their part of the contract was excused by the acts of appellant in preventing performance.

One of the parties to a contract cannot avail himself of nonperformance where the nonperformance is occasioned by his acts. That is, a party may not benefit by his wrongful acts. *Blair v. Wilkeson Coal & Coke Co.*, 54 Wash. 334, 103 Pac. 18; *McDonald v. Wyant*, 167 Wash. 49, 8 P. (2d) 428; *Payne v. Ryan*, 183 Wash. 590, 49 P. (2d) 53; *Mogul Logging Co. v. Smith Livesey Wright Co.*, 185 Wash. 509, 55 P. (2d) 1061.

Appellant makes the point that the court erred in allowing the claim of lien to be introduced for the reason that it had not been filed against his undivided interest in the real property. The claim of lien shows that respondents asserted it against the property owned by all of the defendants. The lien notice complied with the provisions of Rem. Rev. Stat., § 1134 [P. C. § 9710], and was sufficient. *Patrick v. Bonthius, supra.*

Finally, appellant argues that the work was improperly done and that there was no proof as to when it was completed. The testimony indicates, and the court found, that respondents properly performed services and furnished materials within a period of ninety days preceding the filing of the claim of lien. The evidence does not preponderate against that finding.

It is our opinion that respondents earned the amount sued for and that the court did not commit error in entering the decree.

Judgment affirmed.

ROBINSON, C. J., BEALS, BLAKE, and JEFFERS, JJ., concur.