[No. 34942. Department One. June 18, 1959.]

MARY FALLIN, *Appellant*, v. Z. D. FALLIN, *Respondent*.[1]

*Chavelle & Millard*, for appellant.

*Gerald D. Hile* and *Alvin J. Ziontz*, for respondent.

HUNTER, J.—This is an appeal by the plaintiff wife from a decree of divorce entered on July 25, 1958, in favor of the defendant husband on his cross-complaint.

The parties became acquainted by means of an advertisement inserted in a newspaper by the plaintiff stating that "a widow with an equity in a home would like to meet someone to share and assist in said home." The defendant answered the advertisement, and after a brief courtship the parties were married on June 30, 1949. At the time of the marriage, the plaintiff and defendant were sixty-three and

[1]Reported in 340 P. (2d) 791.

sixty-five years of age, respectively. No children were born as a result of this marriage.

The plaintiff originally instituted this action for a divorce, and the defendant cross-complained for a divorce on the grounds of cruel treatment and personal indignities rendering life burdensome. The plaintiff then amended her complaint, withdrawing her action for divorce, and asked for a decree of separate maintenance. At the conclusion of the trial, the court granted a decree of divorce to the defendant and dismissed the plaintiff's action for separate maintenance. The plaintiff wife has appealed.

There is no dispute in regard to the disposition of the property and the sole question is whether, under the facts of the case, the trial court should have granted a divorce to the husband.

The appellant wife assigns error to finding of fact No. 5 and contends (1) that it is not supported by the record, and (2) that the finding does not support the conclusions of law and the decree entered herein. Finding of fact No. 5 reads as follows:

"The plaintiff has treated the defendant cruelly and has been guilty of personal indignities rendering defendant's life burdensome in that she has over a period of time verbally abused him; she has criticized his sister and has attempted to prevent him from seeing his sister; she has treated him coolly and with contempt and told him to leave and never come back; she has displayed a violent temper toward defendant and on being refused her way, has refused to speak to defendant for several days at a time; she has attempted to dictate defendant's choice of friends and has humiliated and embarrassed defendant by such behavior in public, all of which has caused the defendant great mental anguish and suffering and made it impossible for the parties to live together as husband and wife."

 The appellant first argues that the finding is not supported by the record and states that "A careful perusal of the record in this case does not support such a finding, as the evidence which purports to support such a finding is not completely creditable and is of no great substance." The argument is without merit. It is within the province of

the trial judge to weigh the testimony of the witnesses appearing before him. We find substantial testimony in the record, if believed, to support the above finding of the trial court which we therefore will not disturb. *Hinz v. Lieser,* 52 Wn. (2d) 205, 324 P. (2d) 829 (1958).

In support of the appellant's second contention that the finding does not support the conclusions of law and the decree of divorce entered, the appellant argues, "that after an examination of said Finding of Fact it becomes immediately apparent that the subjective test was not applied and that the Finding of Fact is silent as to what effect the alleged acts of cruelty contained therein had upon the respondent." We disagree.

The finding, *supra,* reads in part:

". . . all of which has caused defendant great mental anguish and suffering and made it impossible for the parties to live together as husband and wife."

In *Metcalf v. Metcalf,* 50 Wn. (2d) 167, 310 P. (2d) 254 (1957), we stated:

"The test of whether or not the language used and the attitude of one spouse toward the other constitutes cruelty, however, is subjective rather than objective. It is easy to establish that a physical beating of one spouse by the other is cruel treatment *per se;* it is much harder to determine whether any particular language or attitude amounts to cruel treatment *per se.* The determinative test as to whether or not a divorce should be granted, therefore, is not the words used or attitude adopted, but rather their effect upon the aggrieved party. *Thompson v. Thompson,* 16 Wn. (2d) 78, 132 P. (2d) 734 (1943); *Detjen v. Detjen,* [40 Wn. (2d) 479, 244 P. (2d) 238] *supra.*"

In entering finding of fact No. 5, the trial court did so in accordance with the rule of the above case; that where the cruelty or the personal indignities involve verbal abuse and attitude only, without physical violence, their subjective effect on the other party must be shown. Here the trial court expressly stated their effect upon the respondent husband by finding "all of which has caused defendant great

mental anguish and suffering." The finding was therefore sufficient to support the conclusions of law and the decree of divorce entered.

The judgment of the trial court should be affirmed. It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.