[No. 35056.   Department Two.   January· 7, 1960.]

JESSIE WIGGINS, *Appellant,* v. LOUIS WIGGINS, *Respondent.*[1]

*McMullen, Snider & McMullen,* for appellant.

*Read & Church,* for respondent.

HILL, J.—The plaintiff wife asked for separate maintenance. The defendant husband, by his cross-complaint, asked for a divorce.  The evidence offered by neither rose to the dignity of a *prima facie* case.

The trial court, satisfied that the parties could not be reconciled, denied the plaintiff separate maintenance (which we affirm), and granted the defendant a divorce (which we reverse).  The trial court's disposition of the matter was the solution which the practicalities of the situation seemed to require, when it became apparent that there was little

[1]Reported in 347 P. (2d) 1073.

hope for a reconciliation between a warring husband and wife.

Incidentally, we may say that while we do not believe the husband established that he had four thousand five hundred dollars of separate funds in the family home, we are convinced that, on the only evidence before the trial court as to the value of the home, it made a very equitable division of the available assets.

Much as we would like to affirm this very practical decree, we cannot find in a reading and a rereading of the very short record (68 pages) in this case any evidence which can be said to establish that the husband is the "party injured" within the purview of RCW 26.08.020. The only thing of which he really complains is of his wife's association with her brother, who has a criminal record. The complete answer to this is the undisputed testimony that when this litigation was being prosecuted, and for more than a year preceding its commencement, the brother was in the penitentiary.

There is no proof of cruel treatment by the wife, or personal indignities by her, rendering the husband's life burdensome; unless we are prepared to hold, and we are not, that the beginning of an unwarranted separate maintenance or divorce action is, in itself, such cruel treatment or such a personal indignity, as to give the defendant, *ipso facto,* a ground for divorce.

It must be understood, as we have heretofore been at some pains to point out, that courts cannot grant divorces because it seems socially expedient or desirable so to do; and that before there can be a divorce the injured party must establish one of the statutory grounds therefor (RCW 26-.08.020). "Neither incompatibility, uncongeniality, dissatisfaction, nor unhappiness constitutes a ground for divorce." *Best v. Best* (1956), 48 Wn. (2d) 252, 257, 292 P. (2d) 1061; *Donaldson v. Donaldson* (1951), 38 Wn. (2d) 748, 231 P. (2d) 607, 25 A. L. R. (2d) 919; *Fix v. Fix* (1949), 33 Wn. (2d) 229, 204 P. (2d) 1066; *Neff v. Neff* (1948), 30 Wn. (2d) 593, 192 P. (2d) 344.

The decree, denying the plaintiff wife separate maintenance, is affirmed; the decree, granting the defendant husband a divorce, is reversed, and the trial court is directed to enter an order of dismissal. Both parties having prevailed in part on this appeal, each will bear his own costs, except to the extent that attorneys' fees and costs on this appeal have been heretofore directed to be paid by the superior court.

WEAVER, C. J., ROSELLINI, FOSTER, and HUNTER, JJ., concur.