[No. 35273.   Department One.   March 31, 1960.]

EDWIN B. UDHUS et al., Respondents, v. SYLVIA M. PEGLOW et al., Appellants.[1]

*Ferguson & Burdell (W. Wesselhoeft,* of counsel), for appellants.

*J. Marvin Jonsson,* for respondents.

PER CURIAM.—Plaintiffs Udhus sought to recover damages against the defendants Peglow for personal injuries arising out of an automobile collision at the intersection of arterial highway No. 99 (alternate) and Emander road, near Everett. The case was tried to the court. The court found that the defendant driver was negligent and that her negligence was the proximate cause of the collision. Relative to contributory negligence, the court found

"That plaintiff, Edwin Udhus, entered the aforesaid intersection at a rate of speed in excess of 35 miles per hour in violation of RCW 46.48.021; that said speed was not a proximate cause of the accident."

[1] Reported in 350 P. (2d) 640.

From a judgment entered for plaintiffs, the defendants have appealed.

Appellants assign error to the court's finding that respondents' excessive speed was not a proximate cause of the accident. There was conflicting testimony as to the distance the respondents' automobile was from the intersection at the time the appellants' automobile came into view. The distance was determinative of the question of whether respondents' speed was a contributing cause of the accident.

One witness testified that the respondents' automobile was twenty-five to thirty feet from the intersection when appellants' automobile came into view, which, according to the only expert witness, was an insufficient distance to have enabled respondent driver to avoid the collision, had he been driving at thirty-five miles an hour. Another witness testified that the distance was sixty feet, which distance, according to the expert, was sufficient to have enabled respondent driver to avoid the collision.

It is the province of the trier of the facts to weigh the testimony of the witnesses, and this court will not substitute its judgment for that of the trier of the facts upon a disputed issue of fact. *Fallin v. Fallin*, 54 Wn. (2d) 370, 340 P. (2d) 791 (1959), and case cited; *Welliever v. MacNulty*, 50 Wn. (2d) 224, 310 P. (2d) 531 (1957).

The judgment is affirmed.