[No. 35294.   Department One.   June 16, 1960.]

HYDRAULIC SUPPLY MANUFACTURING COMPANY, *Respondent*,
v. AUGUST P. MARDESICH *et al., Appellants.*[1]

*Kennett, Evans & Stafford* and *Vaughn E. Evans*, for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Paul W. Steere*, for respondent.

PER CURIAM.—In this proceeding, the Hydraulic Supply Manufacturing Company (hereinafter referred to as the company) sought to recover from the owners of the motor vessel "North Star" (hereinafter referred to as the owners) payment for repairs the company made on the "North Star" in the spring of 1956.

The owners' answer denied the reasonableness of the 1956 charge, and affirmatively pleaded damages they suffered as a result of alleged improper workmanship in the company's repair of the "North Star" in the spring of 1955. By "counterclaim," the owners sought judgment against the company for damages for the same alleged improper workmanship.

The cause was tried to the court. The evidence was conflicting. Findings of fact, conclusions of law, and judgment

[1]Reported in 352 P. (2d) 1023.

were entered. The company was granted the relief it prayed for, and the "counterclaim" of the owners was dismissed with prejudice. The owners appeal.

The record discloses, *inter alia*, that on May 20, 1955, the owners contracted with the company to retube two absorbers and three condensers, which were a part of the refrigerating system of the vessel. The repair contract provided, *inter alia*:

" . . . It is also understood that you [owners] will replace all piping necessary for our [company] men to test the units after we complete the retubing."

The owners' contention at the trial and on appeal is that the evidence established that the company did not properly test its repair work after the retubing had been completed, and that its failure to do so caused the consequential damages sought.

The trial court found that the vessel left port before the refrigerator plant had been reassembled by the owners, thus preventing the company from completing the testing of its work.

■ One party to a contract who prevents another from performing his promise has no cause of action to recover for the nonperformance of that promise. *Wolk v. Bonthius*, 13 Wn. (2d) 217, 124 P. (2d) 553 (1942), and cases cited.

■ Sixteen of the assignments of error relate to the court's findings of fact. The record supports the trial court's factual determinations and, therefore, we will not disturb them. *Udhus v. Peglow*, 55 Wn. (2d) 846, 350 P. (2d) 640 (1960); *Stewart v. Smith*, 55 Wn. (2d) 563, 348 P. (2d) 970 (1960).

The remaining assignments of error are directed to the court's oral rulings and to its failure to grant a new trial. The basis for these assignments failed when the court's factual findings were sustained, and we, therefore, find no merit in them.

The judgment is affirmed.

---

March 29, 1961. Petition for rehearing denied.