[No. 35704. Department Two. May 4, 1961.]

HOWARD MILLER, *Respondent*, v. MARY ELIZABETH MILLER, *Appellant*.*

*W. L. Delbridge*, for appellant.

*Rutherford, Johnson & Shinn* by *Samuel C. Rutherford*, for respondent.

HILL, J.—This is a divorce action. After more than two decades of married life, the husband left the family home and commenced this action for divorce on the grounds of cruelty and personal indignities which had rendered his life burdensome.

The parties were the only witnesses. To their credit, be it said that they kept the children (a boy of twenty who was self supporting and a girl of seventeen who was still in high school) out of the proceeding.

The husband was granted a divorce, and the property was divided evenly. The wife appeals, urging that no grounds for divorce were established and that "evenly" was not "equitably," under the circumstances, because of his much greater earning capacity—he is a senior cost analyst with the Boeing Airplane Company earning something over nine thousand dollars a year, and she was a substitute teacher in the public schools. (No reason is given why she should

*Reported in 361 P. (2d) 583.

not be teaching full time, if she desired to do so.) The advantage she received over an even division of the property was the use of the family home until the daughter attained the age of twenty-one, and one hundred and fifty dollars a month for the daughter's support until she attained that age.

The trial court's finding that the wife had been extremely jealous of her husband without just cause; that she had told him that when their daughter reached the age of eighteen years it would be necessary for him to remove himself from the home of the parties (the wife denied that she had made such a statement); and that he had been upset emotionally by her conduct, are all supported by his testimony.

The parts of the finding, as to the grounds for divorce, for which we find no support in the testimony have been deleted. The finding of emotional upset must be predicated upon the husband's answer as to the effect upon him of his wife's conduct:

"Frustrated condition. Never knowing what accusations would be made next or when or .at what time of day or night."

Just how he was going to be eased out of the home, when his daughter became eighteen, is by no means clear. He did not wait to see what technique would be employed to oust him, but left of his own volition a year and nine months before his daughter was to become eighteen.

■   We have little, except the wife's jealously and frequently expressed suspicions of her husband's fidelity, as the basis for divorce.

The wife, after having to admit that she had no evidence of infidelity on the part of her husband, in response to the question, "and you have never found out one breath of scandal  .  .  .  have you, from anyone?" replied, "Well, he wasn't where he was supposed to be."

The wife's attitude is highlighted by two statements:  one explaining why she preferred a quitclaim deed to the home property to a will—"a will can be changed, a quit claim deed cannot"; the other, explaining her willingness and de-

sire to have her husband return home, "We must have compassion to all."

This compassionate tolerance, where the situation seemed to call for more trust and confidence, lends some support to the trial court's conclusion that it was impossible for the parties to live together as husband and wife.

The facts and circumstances of this case go beyond *Wiggins v. Wiggins* (1960), 55 Wn. (2d) 390, 347 P. (2d) 1073, and the cases there cited which support the proposition that divorces cannot be granted because it is socially expedient or desirable so to do; and that neither incompatability, uncongeniality, dissatisfaction, nor unhappiness constitutes a ground for divorce.

Here there are jealousy, suspicion of the husband's fidelity frequently voiced, and at least the expressed desire that the husband should leave the home when the daughter became eighteen years of age, all coupled with the attitude on the part of the wife to which we have referred. As we said in *Metcalf v. Metcalf* (1957), 50 Wn. (2d), 167, 170, 310 P. (2d) 254:

". . . The trial judge had the parties before him, heard their testimony, and gauged their credibility on the basis of many subtle factors which are unavailable to us. . . ."

The present case falls within the rationale of *Fallin v. Fallin* (1959), 54 Wn. (2d) 370, 340 P. (2d) 791, and cases therein cited.

While it is regrettable that a situation, which had been at least tolerable for many years, should suddenly constitute cruelty and personal indignities rendering life burdensome, we find no basis on which to conclude that the trial court erred in granting the husband a divorce, or that the property division was in any way unfair.

The divorce decree appealed from is affirmed.

DONWORTH, WEAVER, OTT, and HUNTER, JJ., concur.